476 F.2d 838
 Robert L. HOECKER, Trustee in Bankruptcy of Anthony Colacci,
Bankrupt, Plaintiff-Appellant,
v.
UNITED BANK OF BOULDER, Administrator C. T. A. of the Estate
of Mike Colacci, a/k/a Michael Archangelo Colacci,
et al., Defendants-Appellees.
 No. 72-1170.
 United States Court of Appeals,
Tenth Circuit.
 Argued and Submitted Sept. 20, 1972.
Decided March 29, 1973.
As Amended on Denial of Rehearing April 23, 1973.
 
 Frederick T. Berhenke, Denver, Colo., for plaintiff-appellant.
 Don P. Stimmel, Boulder, Colo. (Paul A. Dupler, Boulder, Colo., on the brief), for defendants-appellees.
 Before PHILLIPS, SETH and HOLLOWAY, Circuit Judges.
 ORIE L. PHILLIPS, Circuit Judge.
 
 
 1
 This is an appeal from a judgment dismissing the complaint, D.C., 334 F. Supp. 1080, on the ground that it did not state a claim upon which relief could be granted, in an action brought by Hoecker in his official capacity as trustee of the estate of Anthony Colacci, bankrupt. The defendants were the bankrupt; his brother, Joseph Colacci; his children, Toni Musgrove, Mary Motto, Patty Dondelinger, and Sally Colacci; and the United Bank of Boulder, Administrator C.T.A. of the estate of Michael Colacci, the deceased father of the bankrupt.
 
 
 2
 For the purpose of deciding the issues presented on this appeal, we must accept as true the facts, but not the conclusions of law alleged in the complaint.
 
 We next set out the facts so alleged:
 
 3
 On March 4, 1970, Mike Colacci died while domiciled in Boulder County, Colorado, leaving a last will and testament by which he devised and bequeathed all of his property to his two sons, Anthony Colacci and Joseph Colacci, in equal shares.
 
 
 4
 The will provided that should either of the two sons predecease the testator, the share that would have gone to the predeceased son would go to his children, per stripes.
 
 
 5
 On August 26, 1970, and within one year prior to the time Anthony Colacci filed his voluntary petition in bankruptcy, he executed an instrument which he filed on August 27, 1970, in the District Court of Boulder County, Colorado, the court which had jurisdiction of the estate of the testator. By such instrument, he disclaimed irrevocably the property he otherwise would have received under such will.
 
 
 6
 At the time of the execution and filing of such disclaimer, there were existing creditors of the bankrupt who had provable claims against the estate of the bankrupt under the Bankruptcy Act.
 
 
 7
 The bankrupt did not receive fair consideration for the execution and filing of such disclaimer, and in fact, received no consideration therefor.
 
 
 8
 The fair salable value of the bankrupt's property, exclusive of the share of the testator's estate devised and bequeathed to him by the will, was less than the amount required to pay his debts, and without such share he was insolvent.
 
 
 9
 The trustee sought a decree adjudging that the disclaimer was null and void and the claim of the children of the bankrupt to one-half of the estate which was devised and bequeathed to him was invalid, and requiring the Bank of Boulder to transfer and deliver to the trustee such one-half of the estate, or if the Bank had disposed of such one-half of the estate, requiring it to account to the trustee therefor.
 
 
 10
 Section 67(d) (2) of the Bankruptcy Act, 11 U.S.C.A. Sec. 107(d) (2), in part here pertinent reads:
 
 
 11
 "Every transfer made and every obligation incurred by a debtor within one year prior to the filing of a petition initiating a proceeding under this title by or against him is fraudulent (a) as to creditors existing at the time of such transfer or obligation, if made or incurred without fair consideration by a debtor who is or will be thereby rendered insolvent, without regard to his actual intent; * * *."
 
 
 12
 Section 1(30) of the Bankruptcy Act, 11 U.S.C.A. Sec. 1(30), reads:
 
 
 13
 " 'Transfer' shall include the sale and every other and different mode, direct or indirect, of disposing of or of parting with property or with an interest therein or with the possession thereof or of fixing a lien upon property or upon an interest therein, absolutely or conditionally, voluntarily or involuntarily, by or without judicial proceedings, as a conveyance, sale, assignment, payment, pledge, mortgage, lien, encumbrance, gift, security, or otherwise; the retention of a security title to property delivered to a debtor shall be deemed a transfer suffered by such debtor."
 
 
 14
 At the time of the death of Mike Colacci and the filing of the disclaimer by the bankrupt, Colorado Revised Statutes 1963, 153-5-43, as amended in 1965, in part here pertinent provided:
 
 
 15
 "Disclaimer-filing period.-(1) Any person who may be entitled to receive any property * * * under any will * * * shall have the right to disclaim irrevocably the whole or any part of such property * * *.
 
 
 16
 "(2) (a) In the case of an interest receivable under a will * * * if such disclaimer is made in writing and filed in the county court in which the estate is pending not later than six months after such will has been admitted to probate, * * * such disclaimer shall be made retroactive to the decedent's death, and in such case such property * * * so disclaimed shall pass in the same manner as if the person so disclaiming had predeceased such decedent, unless otherwise provided by the will in which case the will shall be controlling.
 
 
 17
 ******
 
 
 18
 * * *
 
 
 19
 "(5) Unless a disclaimer under subsection (1) of this section is filed or delivered within the six months' period to make it retroactive to decedent's death * * * then such disclaimer shall be construed as an assignment of the interest disclaimed to those persons who would be entitled to take had the person disclaiming predeceased such decedent * * *."
 
 
 20
 The disclaimer was in writing and was filed in the county court in which the administration of the estate was pending, prior to the expiration of six months after the will had been admitted to probate.
 
 
 21
 With respect to the meaning of the word "transfer," as used in Sec. 67(d) (2) of the Bankruptcy Act, 11 U. S.C.A. Sec. 107(d) (2), federal law is controlling.[1]
 
 
 22
 Moreover, the term "transfer" has been given an extremely broad meaning in the adjudicated cases and has been construed to include every method of disposing of or parting with property or possessions. See Pirie v. Chicago Title and Trust Company, 182 U.S. 438, 21 S.Ct. 906, 45 L.Ed. 1171.
 
 
 23
 The term "transfer" would include the disclaimer filed by the bankrupt, if the effect of such disclaimer was to transfer from him to his children the property devised and bequeathed to him by the will.
 
 
 24
 But the right to testamentary disposition and the right to succession by will of property within the jurisdiction of a state exists only by statutory enactment by such state so providing, and may be regulated, limited, conditioned, or wholly abolished by such state.[2]
 
 
 25
 Hence, the answer to the question we shall next set out, and which will determine the precise issue presented in this appeal, must be derived from a construction of the Colorado statute set out, supra, which is controlling.
 
 
 26
 That question, then, is whether under such statute, notwithstanding the disclaimer was filed within six months after the will was admitted to probate, one-half of the property that was devised and bequeathed to the bankrupt by the will passed to him when he filed the disclaimer, or passed to him at any other time, so that the effect of the disclaimer was to transfer such one-half from him to his children.
 
 
 27
 We think it perfectly clear from the language of Sec. 153-5-43(2)(a) of the Colorado statute, set out above, that the Colorado legislature intended that where a beneficiary filed a disclaimer within the six-month period, none of the property disclaimed would pass to or be vested in the disclaiming beneficiary, or would pass from him to his children, but rather that such property would pass directly from the testator to the children.
 
 
 28
 The Colorado statute plainly states that when property receivable by a person under a will is disclaimed by him by a writing filed within six months after such will is admitted to probate, the property so disclaimed shall pass in the same manner as if the person so disclaiming it had predeceased the testator. That could only mean, under the facts in the instant case, that it would pass directly from the testator to the children.
 
 
 29
 The correctness of the construction we have placed on that part of the Colorado statute with respect to the effect of a disclaimer filed within the six-month period is made doubly clear by the provisions of Sec. 153-5-43(2)(a) of such statute, with respect to the effect of a disclaimer filed after the expiration of the six-month period.
 
 
 30
 Section 153-5-43(5) of the Colorado statute provides that if a disclaimer is filed after the expiration of the six-month period, it shall be construed as an assignment of the interest disclaimed to the person who would be entitled to take it, had the person disclaiming predeceased the testator.
 
 
 31
 We think it all the more clear when Sec. 153-5-43(2)(a) and Sec. 153-5-43(5) are read together that it was the intent of the Colorado legislature to provide that if a disclaimer was filed within the six-month period, it would not operate as a transfer by the person so disclaiming to the persons who would be entitled to the property under the will of the decedent if the person so disclaiming had predeceased the testator, nor as a transfer in any way of any interest in the property disclaimed; whereas, if the disclaimer was filed after the expiration of the six-month period, then and only then would it operate as an assignment of the interest disclaimed to the person or persons who would have been entitled to take it if the person disclaiming had predeceased the testator.
 
 
 32
 Accordingly, we conclude that under the Colorado statute the disclaimer did not operate as a transfer by the bankrupt of the property disclaimed to his children, and that there was no fraudulent transfer in violation of Sec. 67(d)(2) of the Bankruptcy Act.
 
 
 33
 For the reasons set forth by the trial court in his order denying the motion of the trustee for leave to file an amended complaint, we hold that such denial was proper.
 
 
 34
 Affirmed.
 
 HOLLOWAY, Circuit Judge (dissenting):
 
 35
 I respectfully dissent.
 
 
 36
 It is true that testamentary disposition and the rights to succession of property within the jurisdiction of a state are determined by its law and may be regulated, conditioned or abolished by state law. Here, however, the question is whether the disclaimer was a "transfer" within the meaning of Sec. 67(d)(2) of the Bankruptcy Act, 11 U.S.C.A. Sec. 107(d)(2). While the majority opinion recognizes that federal law is controlling as to the meaning of "transfer," it nevertheless concludes because of intent of the Colorado legislature that a disclaimer filed within the six months' period would not operate as a transfer, see 1965 Perm.Supp., C.R.S.1963, 153-5-43(2)(a), and because of the relation back provision, that there was no transfer alleged in violation of Sec. 67(d)(2). While the case is not free from doubt, I cannot agree.
 
 
 37
 To me the question is not one of the nature or extent of rights in property or of devolution of property-matters that state law decides. It is simply whether some power or right recognized by state law was exercised so as to amount to a "transfer" within the broad meaning of the term provided by federal law in Sec. 1(30) of the Act, 11 U.S.C.A. Sec. 1(30). That definition was broadly drawn to include a sale ". . . and every other and different mode, direct or indirect, of disposing of or parting with property or with an interest therein or with the possession thereof . . .." All technicality and narrowness of meaning were precluded and the word was used in its most comprehensive sense to include every means by which property could pass from the ownership and possession of another. See Pirie v. Chicago Title & Trust Co., 182 U.S. 438, 444, 21 S.Ct. 906, 45 L.Ed. 1171.
 
 
 38
 The Colorado statute recognizes that there is a limited power in the disclaimant to control the passing of his interest in the property during the six months' period after the will is admitted to probate, as well as later. And if the right of disclaiming is then exercised ". . . such property or beneficial interest so disclaimed shall pass . . ." as if he had predeceased the decedent, unless the will provides otherwise. See Sec. 153-5-43(2)(a). Thus under state law there is a power which seems to me to be a "mode, direct or indirect," of disposing or parting with his interest in the property and hence a transfer.
 
 
 39
 Moreover, the provision of C.R.S.1963, 153-5-43(5) that a disclaimer made after the six months' period "shall be construed as an assignment . . ." is not persuasive to me. Again, we are not concerned with the characterization used in state law but with the meaning of "transfer" as defined in the Bankruptcy Act. What constitutes a transfer ". . . is necessarily a federal question, since it arises under a federal statute intended to have uniform application throughout the United States." McKenzie v. Irving Trust Co., 323 U.S. 365, 369-370, 65 S.Ct. 405, 408, 89 L.Ed. 305.
 
 
 40
 Nor do I feel that the Colorado retroactivity provision concerning this disclaimer made within the six-months' period should change the result. See Sec. 153-5-43(2)(a). In a case brought under the federal statute providing for avoidance of fraudulent transfers we should not deny relief because of the state provision on relation back. Cf. In re Kalt's Estate, 16 Cal.2d 807, 108 P.2d 401, 403.
 
 
 
 [1]
 McKenzie v. Irving Trust Co., 323 U.S. 365, 369, 65 S.Ct. 405, 89 L.Ed. 305
 
 
 [2]
 Demorest v. City Bank Farmers Trust Co., 321 U.S. 36, 48, 64 S.Ct. 384, 88 L.Ed. 526