In re Gregory A. WATSON Barbara J.
Watson, Debtors.

James R. GEEKIE, Trustee, Plaintiff,

v.

Barbara J. WATSON, Defendant.

Bankruptcy No. 285–00214.
Adv. No. 285–0099.

United States Bankruptcy Court,
C.D. Illinois.

March 24, 1986.

H. Dean Andrews, Paris, Ill., for plaintiff/trustee.

David M. Frisse, Paris, Ill., for defendant/debtor.

## OPINION

LARRY LESSEN, Bankruptcy Judge.

This matter is before the Court on the Trustee's Complaint to Avoid Transfer of Property Under Section 549.

The parties have stipulated to the following facts:

1. Virgil D. Washburn was the father of Barbara J. Watson.

2. Virgil D. Washburn died on February 22, 1985.

3. Virgil D. Washburn's Will was filed with the Circuit Clerk for the Fifth Judicial Circuit, Paris, Edgar County, Illinois, on March 8, 1985, and Notice to Heirs was mailed on March 14, 1985.

4. A true and correct copy of the Will of Virgil D. Washburn is attached hereto as Exhibit "A".

5. Barbara J. Watson filed a Petition for Relief herein on March 18, 1985, and the First Meeting of Creditors was held on April 23, 1985.

6. Barbara J. Watson and her deceased mother Lula Washburn were designated by her father as beneficiaries under Virgil D. Washburn's Metropolitan Life Insurance Company Life Insurance Contract.

7. Barbara J. Watson was unaware that she was a beneficiary under her father's Metropolitan Life Insurance Company Life Insurance Contract until late in April, 1985, and after her First Meeting of Creditors.

8. Claim forms were mailed to the insurance company on March 19, 1985; the death certificate was mailed in on April 9, 1985.

9. The first check issued by Metropolitan Life Insurance Company was dated April 22, 1985, in the amount of Fifteen Thousand One Hundred Seventy-Five Dollars and Forty-Eight Cents ($15,175.48) and was received by attorneys for the Washburn estate on April 26, 1985, a date subsequent to after her First Meeting of Creditors.

10. The first check dated April 22, 1985, issued by Metropolitan Life Insurance Company was not in any manner negotiated and was returned to Metropolitan Life Insurance Company.

11. Barbara J. Watson on May 24, 1985, executed and filed a Disclaimer of the Metropolitan Life Insurance Company Policy in both the Estate proceedings No. 85–P–23 and these Bankruptcy proceedings No. 285–00214.

12. A true and correct copy of the Disclaimer filed is attached hereto as Exhibit "B".

13. A second check was issued by Metropolitan Life Insurance Company payable to James R. Washburn, Executor of the Estate of Virgil Washburn, which check was dated June 17, 1985, in the amount of Fifteen Thousand Three Hundred Thirty Dollars and Eighty-Two Cents ($15,330.82), which amount includes the basic principal face amount of Fifteen Thousand Dollars ($15,000.00) plus interest to the date of the second check.

14. The proceeds are presently being held in an escrow account in the Estate's name at the Bank of Casey.

15. It appears that, notwithstanding the terms of the second check issued, the contingent beneficiaries of the policy are the two sons of the decedent. These individu-

als have however, committed themselves to apply the policy proceeds to the debts of the decedent's estate as necessary. It appears that most of these proceeds would be required to satisfy these debts.

16. Barbara J. Watson has not in any manner used, enjoyed the use of, or had any benefit from the proceeds of the insurance check.

### ISSUE

The issue before the Court is whether the debtor's disclaimer of her interest in her father's life insurance policy is a postpetition transfer of property of the estate that can be avoided under 11 U.S.C., § 549.

### DISCUSSION

11 U.S.C., § 549(a) provides as follows: "(a) Except as provided in subsections (b) and (c) of this section, the trustee may avoid a transfer of property of the estate—

"(1) that occurs after the commencement of the case; and ...

(2)(B) that is not authorized under this title or by the court."

 Under this subsection, a four-part inquiry is required: (1) whether a transfer of property occurred; (2) whether the property was property of the estate; (3) whether the transfer occurred after the commencement of the case; and, (4) whether the transfer was authorized by the court or the Bankruptcy Code. It is the debtor's burden to establish the validity of a postpetition transfer 11 U.S.C., § 549, Bankruptcy Rule 6001. See *In re Air Florida Systems, Inc.*, 50 B.R. 653, 660 (Bkrtcy.S. D.Fla.1985). Only the first two requirements are at issue in the case at bar.

### I. TRANSFER OF PROPERTY

 Transfer is defined by § 101(48) of the Bankruptcy Code as follows:

"Every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or with an interest in property, including retention of title as a security interest."

The disclaimer was a completely voluntary transfer of the debtor's right to receive the proceeds of the life insurance policy. See *In re Peery*, 40 B.R. 811, 814 (Bkrtcy.M.D. Tenn.1984).

### II. PROPERTY OF THE ESTATE

Pursuant to 11 U.S.C., § 541(a)(5)(C), the Chapter 7 bankruptcy estate includes:

"An interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date [c] as beneficiary of a life insurance policy or of a death benefit plan."

Section 541(a)(5)(C) allows the Trustee, who already has the powers of a judicial lien creditor under § 544, to treat as property of the estate an interest in property which the debtor obtained as beneficiary of a life insurance policy in the 180 days after a petition is filed. Not only may the Trustee reach back to collect all legal and equitable interests of the debtor as of the commencement of the case; he may also reach forward under § 541(a)(5)(C).

Section 541(a) derives from § 70(a) of the Bankruptcy Act of 1898. 4 *Collier on Bankruptcy*, ¶ 541.02 at 541–13 (15th ed. 1985). Section 70(a) of the Act focused on the vesting of interests, and looked at the transferability or leviability of the debtor's interest in determining whether property became property of the estate. *In re Crenshaw*, 44 B.R. 30, 32 (Bkrtcy.N.D.Ala. 1984). Under the Code, the transferability-leviability standard has been entirely abandoned. *In re Graham*, 726 F.2d 1268, 1271 (8th Cir.1984). The Code provides a much broader definition of interests constituting property of the estate. See *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 205, 103 S.Ct. 2309, 2313, 76 L.Ed.2d 515 (1983) ("§ 541(a)(1) is intended to include in the estate any property made available to the estate by other provisions of the Bankruptcy Code."). Section 541(a)(1) provides that "all legal and equitable interests of the debtor in property" became property of the

estate. Section 541(a)(5) plainly refers to interests which the debtor "acquires or becomes entitled to acquire," and avoids any reference to the term "vest." Moreover, § 541(a)(5)(C) specifically states that the right to receive the proceeds of an insurance policy is an interest in property. *Matter of Sharik*, 41 B.R. 388, 390 (Bkrtcy.E.D.N.C.1984).

The debtor argues that her disclaimer of any interest in the insurance policy means the life insurance proceeds did not become property of the estate. She relies on *Hoecker v. United Bank of Boulder*, 476 F.2d 838 (10th Cir.1973) in support of her argument. In *Hoecker*, the court held that the debtor's execution of a disclaimer pursuant to the Colorado disclaimer statute was not a transfer of property or an interest therein. Therefore, the bankruptcy trustee was not entitled to recover for the debtor's estate the property which the beneficiary would have received from his father's estate if he had not executed the disclaimer. 476 F.2d at 841. *Hoecker* is readily distinguishable from the case at bar because it was decided under the Bankruptcy Act. *Hoecker* rested its decision on the fact that "none of the property disclaimed would pass to or be vested in the disclaiming beneficiary." *Id.* As discussed above, the Code has eliminated the vesting concept. See *Matter of Lewis*, 45 B.R. 27, 29, n. 1 (Bkrtcy.W.D.Mo.1984).

■ Under Illinois law, the effect of a disclaimer is that the renunciation relates back to the moment when the gift was made, so that the estate does not vest, but remains in the original owner precisely the same as if the will, deed or transfer had never been executed or made. Ill.Rev. Stat., ch. 110½, Sec. 2-7; Ill.Rev.Stat., ch. 30, Sec. 211; *In re Estate of Hansen*, 109 Ill.App.2d 283, 248 N.E.2d 709, 713 (1969). Therefore, the debtor argues that she never obtained an interest in the life insurance proceeds. This argument is without merit. The Illinois relation-back statute does not erase the fact that the debtor became "entitled to acquire" the proceeds within 180 days of the filing of the petition. Relation-back is a legal fiction which defines the consequences of having property rights vest at death and then revest in others after a valid renunciation. Although relation-back may have significant nonbankruptcy effects on estate taxation and on the validity of creditor's liens interposed between death and renunciation, relation-back does not change the debtor's entitlement to acquire life insurance proceeds for purposes of § 541(a)(5)(C). Legal fictions created for other purposes by state law cannot be used to defeat the express definition of property of the estate contained in the Bankruptcy Code. *In re Peery*, 40 B.R. 811, 815 (Bkrtcy.M.D.Tenn.1984).

In any event, Illinois law does not control this issue. Rather, it is federal bankruptcy law that controls. It has been specifically held that § 541 of the Bankruptcy Code supercedes the right to renounce in a case such as this one. *Matter of Lewis*, 45 B.R. 27, 30 (Bkrtcy.W.D.Mo.1984); *In re Detlefsen*, 610 F.2d 512, 516, n. 14 (8th Cir.1979).

■ Accordingly, the proceeds of the life insurance policy that the debtor became entitled to acquire as the beneficiary of her father's life insurance policy within 180 days of the filing of the petition in bankruptcy constitute property of the debtor's estate under § 541(a)(5)(C).

## CONCLUSION

The Court concludes that, pursuant to 11 U.S.C. § 541(a)(5)(C), the life insurance proceeds are property of the Chapter 7 bankruptcy estate of the debtor. The Court further concludes that the execution of the disclaimer was a post-petition transfer of an interest in property. Accordingly, the Trustee, pursuant to 11 U.S.C. § 549, may avoid the post-petition transfer of assets of the estate.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

## EXHIBIT "A"

## Last Will and Testament

## of

### VIRGIL D. WASHBURN

I, VIRGIL D. WASHBURN, of Edgar County, Illinois, declare this to be my Last Will and revoke all other Wills and Codicils I have made.

FIRST: I am not married. My wife, LULA WASHBURN, predeceased me. I have three children named VERNON. D. WASHBURN, JAMES R. WASHBURN and BARBARA J. WATSON.

SECOND: I direct that all my debts and the expenses of my last illness, funeral and administration of my estate shall be paid by my Executor from my residuary estate.

THIRD: I direct that all estate or death taxes, by whatever name called, including any interest and penalties thereon, imposed by reason of my death upon or relative to property includible in my estate for the purpose of such taxes, whether such property passes under or outside of this Will, be paid out of my estate as an expense of administration, without apportionment.

FOURTH: All the rest, residue and remainder of my property and estate, of whatsoever nature and wherever situated, which I may own or to which I may in any way be entitled at the time of my death, including any lapsed or renounced legacies, I give to my descendants who survive me, per stirpes.

FIFTH: No person hereinabove named or described in this Will shall be deemed to have survived me unless he or she is living on the thirtieth (30th) day succeeding the day of my death.

SIXTH: If any beneficiary of mine has not attained legal age at the time any property becomes distributable hereunder, the executor may distribute any part or all of such property to a parent or adult relative of the beneficiary, as trustee, against such person's receipt and upon his written undertaking to deliver the property to the beneficiary at the time he or she attains legal age, and in the meantime to hold it in trust and use it for the benefit of the beneficiary. Such receipt and written undertaking shall discharge the executor.

SEVENTH: I name my son, JAMES R. WASHBURN, as executor of this Will. If for any reason he fails or ceases to act as executor, I name my daughter, BARBARA J. WATSON, as successor executor. I direct that no security on the executor's bond be required.

I give the executor the following powers, in addition to and without limitation on any other powers granted by law, in each case to be exercised without court order:

a. To sell at public or private sale, to retain, to lease, to borrow money and for that purpose to mortgage or to pledge, all or part of the real or personal property of my estate;

b. To settle claims in favor of or against my estate;

c. To exercise or not to exercise any election or option granted to executors by the Internal Revenue Code in force at my death, even though such exercise or nonexercise increases or decreases estate principal or income, without adjustment to principal or income;

14

d. To distribute the residue of my estate in cash or in kind or partly in each, and for this purpose the determination of an independent appraiser selected by my executor as to the value of any property distributed in kind shall be conclusive; and

e. To execute and deliver any deeds, contracts, mortgages, bills of sale or other instruments necessary or desirable for the exercise of his powers and discretions as executor.

IN WITNESS WHEREOF, I have hereunto set my hand and seal this ___30th___ day of March, 1984.

_Virgil D. Washburn_____ (SEAL)

The foregoing instrument was on the day of the date thereof signed, sealed, published and declared by VIRGIL D. WASHBURN, the Testator therein named, as and for his Last Will and Testament, in our presence and in the presence of each of us, and we, at the same time at his request, in his presence and in the presence of each other, have hereunto subscribed our names and residences as attesting witnesses thereto.

And we, the attesting witnesses, further state that in our opinion at the time of the execution of this instrument the Testator was of sound and disposing mind and memory and acting under no restraint whatsoever.

_____ of _Paris, Il_____

_Eugenia Driver_____ of _Metcalf, Il_____

_Dorma L. Bayacc_____ of _____, Illinois_____

## EXHIBIT "B"

IN THE CIRCUIT COURT
FOR THE FIFTH JUDICIAL CIRCUIT OF ILLINOIS
EDGAR COUNTY, PARIS, ILLINOIS

| | | |
|---|---|---|
| IN THE MATTER OF THE ESTATE OF | ) | |
| | ) | |
| VIRGIL D. WASHBURN, | ) | No. 85-P-23 |
| | ) | |
| Deceased. | ) | |

### DISCLAIMER

Under Metropolitan Life Insurance Policy Certificate No. 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 in the face amount of $15,000.00, insuring the life of Virgil D. Washburn, I am named as a beneficiary, together with Lula Washburn. Virgil D. Washburn died on February 22, 1985, and Lula Washburn pre-deceased him, leaving me as the sole named beneficiary of the insurance policy.

Pursuant to Illinois Revised Statutes 1983, Ch. 110½, para. 2-7, as amended, I disclaim any and all interest as beneficiary of the aforesaid life insurance policy in its entirety, and I hereby irrevocably and without qualification refuse to accept or receive any of the proceeds payable under said insurance policy.

_Barbara Washburn Watson_
Barbara Washburn Watson

Dated: _May 24_ , 1985

STATE OF ILLINOIS )
 ) SS.
COUNTY OF EDGAR )

I, _Ellen B Jones_ , a Notary Public of Edgar County, Illinois, certify that BARBARA WASHBURN WATSON, personally known to me to be the same person whose name is subscribed to the foregoing instrument, appeared before me this _24th_ day of _May_ , 1985, in person and acknowledged that she signed and delivered the instrument as her free and voluntary act.

_Ellen B Jones_
Notary Public