In re Michael Bryan CORNELL and Janie Annette Cornell, Debtors.

Jack CORNELIUS, Plaintiff,

v.

Michael Bryan CORNELL and Janie Annette Cornell; Donna L. Grubb, Elizabeth A. Stroud, and Leroy and Donald Haskett, II, as Co–Personal Representative of the Estate of Mary Syble Haskett, Defendants.

Bankruptcy No. 87–0919–B.
Adv. No. 88–319–B.

United States Bankruptcy Court,
W.D. Oklahoma.

Jan. 25, 1989.

---

**220**

W. Rogers Abbott, II, Karla Finnell, Abbott and Gordon, Oklahoma City, Okl., for plaintiff.

Kenneth L. Spears, Kenneth L. Spears, P.C., Oklahoma City, Okl., for defendants.

## ORDER ON DEFENDANTS' MOTION TO DISMISS AND ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

PAUL B. LINDSEY, Bankruptcy Judge.

Debtors Michael Bryan Cornell and Janie Annette Cornell filed their voluntary petition under Chapter 12 of the Bankruptcy Code in February 1987 and the court entered its order confirming their Chapter 12 plan in November 1987. In March 1988, Mary Syble Haskett, the mother of debtor Janie Annette Cornell, died. In her last will and testament, currently in probate in Custer County, Oklahoma, debtors are named as heirs. In June 1988, pursuant to 84 O.S.1981, § 23, debtors executed and filed their disclaimer of any interest in Mrs. Haskett's probate estate.

In August 1988, plaintiff, the standing Chapter 12 trustee, commenced this adversary proceeding to avoid the disclaimer under 11 U.S.C. § 549, alleging that it constituted a post-petition transfer of property of the estate without authorization under the Bankruptcy Code or by this court.

Debtors filed their Motion to Dismiss, contending that plaintiff's complaint failed to state a claim upon which relief could be granted. Defendants contend that the legal effect of a disclaimer under Oklahoma law is as though the person disclaiming the interest had never received the property in the first instance. Thus, defendants contend that no transfer took place, of property or of any interest therein. Defendants rely on *Hoecker v. United Bank of Boulder,* 476 F.2d 838 (10th Cir.1973). In that case, an irrevocable disclaimer of an inheritance was filed under Colorado law within one year prior to the disclaimant filing a voluntary petition in bankruptcy. The trustee sought a decree adjudging the disclaimer to be null and void under Section 67 d(2) of the Bankruptcy Act of 1898, as amended, 11 U.S.C. § 107 d(2), the fraudulent transfer provision of that Act.

The court, applying the broad definition of the term "transfer" in Section 1(30) of the Bankruptcy Act, 11 U.S.C. § 1(30) and interpreting the Colorado disclaimer statute, which contained a relation-back provision similar to that in the Oklahoma statute, concluded that by reason of the relation-back, the disclaimer did not operate as a transfer of the property disclaimed and that therefore there was no fraudulent transfer. The decision was over the dissent of Judge, now Chief Judge, Holloway, who opined that the broad definition of "transfer" under federal law should control over state law provisions with regard to property and the devolution of it, even considering the retroactivity of the state law provisions.

Apparently not raised in *Hoecker* was the question of whether the property disclaimed, or the right to the inheritance, constituted "property" under the provisions of the Bankruptcy Act, as there is no reference whatever in the opinion to Section 70 of the Bankruptcy Act, 11 U.S.C. § 110. The provisions of Section 70a¶2, 11 U.S.C. § 110a¶2, are in material part as follows:

> All property, wherever located ... which vests in the bankrupt within six months after bankruptcy by bequest, device or inheritance shall vest in the trustee ... upon his ... appointment and qualification, as of the date when it vested in the bankrupt, and shall be free and dis-

charged from any transfer made or suffered by the bankrupt after bankruptcy.

In the later case of *In re Detlefsen*, 610 F.2d 512 (8th Cir.1979), the Court of Appeals reversed orders of the bankruptcy court and the district court, which had ruled in favor of the trustee in an action seeking the turnover of assets held by a custodian. A voluntary bankruptcy petition had been filed and a trustee appointed. At the time of the filing of the petition, the bankrupt (debtor) possessed a contingent remainder interest in a spendthrift trust created by his deceased father. Because of the spendthrift provision governing the trust, the remainder interest did not vest in the trustee when the petition was filed. Debtor's mother died shortly thereafter, however, leaving him as the person entitled to the trust principal. Under Illinois law, the debtor disclaimed the assets and it was determined by the Illinois state courts that the assets should pass under the father's will to debtor's children.

The trustee thereafter sought turnover of the assets, claiming that they were assigned to him by operation of Section 70a¶ 2. The court, after extensive analysis and discussion, declined to accept the trustee's position. The court noted that although Congress knew how to manifest an intention to capture for the trustee property the bankrupt became entitled to acquire within six months of bankruptcy if it desired to do so, (as it had done in § 70(a)(7)) it did not manifest any such intention in the language of § 70a¶ 2 and that such failure gave rise to the inference that it had no intention to override applicable state law of disclaimer and to capture the assets in question for the trustee. 610 F.2d at 519.

It is interesting and instructive to note that the initial sentence in the opinion in *Detlefsen*, which was decided December 4, 1979, is as follows:

This puzzling case, which the world will little note nor long remember because the new Bankruptcy Act almost certainly obviates the problem it presents, was brought by a bankruptcy trustee against the bankrupt and the custodian of certain

assets, seeking the turnover of the assets to the trustee. 610 F.2d at 513. Later in the opinion, after its analysis and discussion, and the announcement of its decision, the court concluded its opinion with the following:

As we noted at the beginning of this opinion, the Bankruptcy Act of 1978 almost certain obviates the question presented in this case. § 541(a)(5)(A) of the new Act provides that

(a) The commencement of a case under section 301, 302 or 303 of this title creates an estate. Such estate is comprised of all of the following property, wherever located:

. . . . .

(5) An interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires *or becomes entitled to acquire* within 180 days after such date—

(A) by bequest, devise or inheritance....

11 U.S.C.A. § 541(a)(5)(A)(1978) (effective October 1, 1979) (emphasis added). If we were deciding this case under the new Act, the result might well be different. However, the old Act controls, as does the intent of the Congress that enacted it. *Teamsters v. United States*, 431 U.S. 324, 354 n. 39, 97 S.Ct. 1843 [1864 n. 39] 52 L.Ed.2d 396 (1977). Under the old Act, the bankrupt herein acquired no interest in the trust assets that constituted "property ... which vest[ed] in [him] within six months of bankruptcy by bequest, devise or inheritance." .... 610 F.2d at 520.

The prophecy of the *Detlefsen* court, albeit dictum in that case, has been fulfilled in subsequent cases decided under the 1978 Bankruptcy Code. *See, e.g., Matter of Lewis*, 45 B.R. 27 (Bankr.W.D.Mo.1984); and *In re Watson*, 65 B.R. 9 (Bankr.C.D.Ill. 1986).

In *Lewis, supra*, the court determined that in spite of a valid, irrevocable renunciation of a bequest under the laws of the State of Hawaii, "[u]nder the law of bank-

ruptcy, as set forth in the clear letter of § 541 of the Bankruptcy Code, it was the duty of the defendant, and remains her duty, to turn the bequest over to the trustee in bankruptcy." The court notes debtor's contention that the majority rule of state courts under the Bankruptcy Act was that a renunciation would be permitted to defeat the rights of a trustee in bankruptcy, citing *Matter of Estate of Dankner*, 86 Misc.2d 1081, 384 N.Y.S.2d 683 (1976). Citing *Detlefsen, supra*, however, the court then notes that the addition of the words "becomes entitled to acquire" in § 541(a)(5) of the 1978 Bankruptcy Code changes the result. The court continues as follows:

> It is not the law of the state which here controls the issue, however, but the paramount bankruptcy law which requires restoration to the bankruptcy estate of property which is the subject of unauthorized post-petition transfer. See Section 549 of the Bankruptcy Code.... This provision, together with the relevant ... portion of section 541 of the Bankruptcy Code, which clearly make the bequest a part of the bankruptcy estate, require the return of the bequest to that estate. The authority which is cited to the contrary is incompatible with the purposes of bankruptcy and is also wholly inapplicable to the factual and legal situation at bar. [footnote omitted] The plain and unequivocal letter of the statute accordingly requires the turnover to the estate in bankruptcy.

In *Watson, supra*, the trustee also sought to avoid the transfer of property, consisting of a disclaimer by debtor of his beneficial interest in life insurance policy proceeds. The debtor relied upon *Hoecker, supra*, in support of her opposition to the trustee's action. The court found *Hoecker* to be readily distinguishable because it was decided under the Bankruptcy Act, the decision resting on the fact that none of the property claimed therein would pass to or be vested in the disclaiming beneficiary. Citing *Lewis, supra*, the *Watson* court noted that the Code had eliminated the concept of vesting in connection with the definition of property of the estate. After discussing the disclaimer and renunciation provisions

of Illinois law applicable to the case, the court stated:

> The Illinois relation-back statute does not erase the fact that the debtor became "entitled to acquire" the proceeds within 180 days of the filing of the petition. Relation-back is a legal fiction which defines the consequences of having property rights vest at death and then revest in others after a valid renunciation. Although relation-back may have significant non-bankruptcy effects on estate taxation and on the validity of creditor's liens interposed between death and renunciation, relation-back does not change the debtor's entitlement to acquire life insurance proceeds for purposes of § 541(a)(5)(C). Legal fictions created for other purposes by state law cannot be used to defeat the express definition of property of the estate contained in the Bankruptcy Code. *In re Peery*, 40 B.R. 811, 815 (Bankr.M.D.Tenn.1984).

Citing *Lewis* and *Detlefsen, supra*, the *Watson* court holds that federal bankruptcy law, not state law, controls the issue and that the disclaimer was a post-petition transfer of an interest in property of the estate which the trustee may avoid under 11 U.S.C. § 549.

It is this court's opinion that the dictum in *Detlefsen* and the specific holdings of the courts in *Lewis* and *Watson* constitute a complete answer to each and every argument raised by defendants in this adversary proceeding. Federal bankruptcy law, and not state probate or succession law, governs the issues raised herein. Under the provisions of 11 U.S.C. § 541, as expanded for purposes of cases under Chapter 12 by 11 U.S.C. § 1207(a)(1), the interest in Mrs. Haskett's estate was an interest in property that the debtors became entitled to acquire after the commencement of the case and therefore constituted property of the estate. The disclaimer filed by debtors thereafter, whether or not valid under Oklahoma law, constituted an unauthorized post-petition transfer of property of the estate which is avoidable by the trustee under 11 U.S.C. § 549.

In view of the foregoing, the Motion to Dismiss filed herein by defendants will be denied and the Motion for Summary Judgment filed herein by plaintiff will be granted, there being no issue of material fact to decide and the court having determined that plaintiff is entitled to judgment as a matter of law. Judgment will therefore be entered in favor of plaintiff and against defendants, and defendants will be ordered to turn over to the trustee any and all property to which defendants would have been entitled in the absence of their disclaimer, to be distributed in accordance with debtors' confirmed Chapter 12 plan.

IT IS SO ORDERED.