**In re Joe Percy HART and wife Sarah Alice Hart, Debtors.**

**Bankruptcy No. 587–50735–12.**

United States Bankruptcy Court,
N.D. Texas,
Lubbock Division.

Feb. 26, 1993.

R. Byrn Bass, Jr., Harding, Bass, Fargason, Booth & Calfin, Lubbock, TX, for debtors.

Nancy Koenig, Asst. U.S. Atty., U.S. Dept. of Justice, Lubbock, TX, for FmHA.

Walter O'Cheskey, Trustee-in-Bankruptcy, Lubbock, TX, Chapter 12 Trustee.

### MEMORANDUM OF OPINION ON POST–PETITION INHERITANCE

JOHN C. AKARD, Bankruptcy Judge.

The question presented in this case is whether Debtors' post-petition inheritance is property of the Debtors' estate subject to distribution to creditors under §§ 541(a)(5) and 1207(a)(1) of the Bankruptcy Code.[1] The Debtors received the inheritance after they had complied with the confirmed Plan of Reorganization but before the case was closed. The court concludes that the post-petition inheritance is not subject to distribution to creditors.[2]

### FACTS [3]

On October 30, 1987, Joe P. Hart and Sarah A. Hart (Debtors) filed a petition for relief under Chapter 12 of the Bankruptcy Code. The Debtors are farmers. On March 30, 1988, the court confirmed the Debtors' Chapter 12 Plan of Reorganization (Plan). The Plan provided that all of the Debtors' net disposable income would be paid to the Trustee for a period of three

---

1. The Bankruptcy Code is 11 U.S.C. § 101 *et seq.* References to section numbers are references to sections in the Bankruptcy Code.

2. This Court has jurisdiction over this matter under 28 U.S.C. § 1334(a), 28 U.S.C. § 157(a), and Miscellaneous Rule No. 33 of the Northern District of Texas contained in Order of Reference of Bankruptcy Cases and Proceedings

*Nunc Pro Tunc* dated August 3, 1984. This a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B) and (E).

3. The court adopts the parties' Stipulated Facts filed on November 5, 1992. The court will state only such facts as are necessary to an understanding of its decision.

years for distribution to the unsecured creditors. *See* § 1225(b)(1)(B). Under the Plan, the Debtors' "disposable income" years were the crop years 1988, 1989 and 1990. On February 23, 1990, the court entered an agreed order determining disposable income for the plan year ending December 1988. On April 16, 1991, the Debtors made their last payment under the Plan corresponding to the 1988 disposable income year.

On November 20, 1991, more than eleven months after the end of Debtors' last disposable income year under the Plan but before the determination of disposable income for the years 1989 and 1990, Edna B. Hart, mother of Debtor Joe P. Hart, died. According to her will, Mr. Hart inherited approximately $216,000 in personal and real property.

On March 18, 1992, the court entered an agreed order determining disposable income for the Plan years 1989 and 1990. The Debtors made these payments on April 10, 1992. On May 26, 1992, the Debtors were discharged. On June 4, 1992, the Farmers Home Administration (FmHA), an unsecured creditor, moved pursuant to FED. R.BANKR.P. 1009(a), to compel the Debtors to amend their schedules to include newly acquired property and for distribution of such property.

### POSITIONS OF THE PARTIES

The FmHA argued that pursuant to § 1207(a)(1), Mr. Hart's inheritance is property of the bankruptcy estate because at the time he inherited, the Debtors were operating under a confirmed plan of reorganization; therefore, property received under the will was disposable income and available to the unsecured creditors.

The Debtors argued that the property was not available for distribution to the unsecured creditors because Mr. Hart received the inheritance eleven months after the end of Debtors' third and last "disposable income" year under the Chapter 12 Plan of Reorganization; therefore, the inheritance should not be considered in any calculation of disposable income for years prior to its receipt.

### STATUTES

Section 541 states in pertinent part:

(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

. . . .

(5) Any interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date—

(A) by bequest, devise, or inheritance.

Sections 1207 and 1306 state in pertinent part:

(a) Property of the estate includes, in addition to the property specified in section 541 of this title—

(1) all property of the kind specified in such section that the debtor acquires after the commencement of the case but before the case is closed.

Sections 1229 and 1329 state in pertinent part:

(a) At any time after confirmation of the plan but before the completion of payments under such plan, the plan may be modified, on request of the debtor, the trustee, or the holder of an allowed unsecured claim, to—

(1) increase or reduce the amount of payments on claims of a particular class provided for by the plan.

Rule 1009 of the Federal Rules of Bankruptcy Procedure states in pertinent part:

(a) On motion of a party in interest, after notice and a hearing, the court may order any voluntary petition, list, schedule, or statement to be amended.

Section 1228(a) states in pertinent part:

§ 1228. Discharge.

(a) As soon as practicable after completion by the debtor of all payments under the plan, other than payments to holders of allowed claims provided for under sec-

tion 1222(b)(5) or 1222(b)(10) of this title, unless the court approves a written waiver of discharge executed by the debtor after the order for relief under this chapter, the court shall grant the debtor a discharge of all debts provided for by the plan allowed under section 503 of this title or disallowed under section 502 of this title, except any debt—

(1) provided for under section 1222(b)(5) or 1222(b)(10) of this title; or

(2) of the kind specified in section 523(a) of this title.

## DISCUSSION

In *Cornelius v. Cornell (In re Cornell)*, 95 B.R. 219 (Bankr.W.D.Okla.1989), the court held that pursuant to § 541, as expanded for purposes of cases under Chapter 12 of the Bankruptcy Code by § 1207(a)(1), an inheritance is property of the bankruptcy estate if received after the commencement of the case but before the case is closed, dismissed, or converted into a case under Chapter 7. 95 B.R. at 222. *See also In re Brownlee*, 93 B.R. 662, 666–67 (Bankr.S.D.Iowa 1988) (holding that property acquired by debtors after filing a Chapter 12 case but before conversion to a Chapter 7 case became part of the Chapter 7 estate even though a plan was never confirmed).

■ The parties in this case agree that the inheritance Mr. Hart received under Edna B. Hart's will is property of the bankruptcy estate since it was received postpetition, but prior to closing. The issue remaining is whether the unsecured creditors are entitled to distribution of such property.

The cases cited in FmHA's brief, *In re Reiter*, 126 B.R. 961 (Bankr.W.D.Tex.1991) (debtor's spouse's post-petition salary held property of the Chapter 13 bankruptcy estate but not subject to an IRS lien by virtue of the automatic stay of § 362(a)(3) and (4)) and *Robb v. Lybrook (In re Lybrook)*, 107 B.R. 611 (Bankr.N.D.Ind.1989) (debtor's inherited assets after commencement of Chapter 13 but before confirmation of any plan and before conversion to Chapter 7 held property of the estate upon conversion

to Chapter 7), deal with whether a post-petition inheritance is property of the bankruptcy estate in a Chapter 13 case. The definition of "estate" in § 1306 of a Chapter 13 is similar to that found in § 1207 of a Chapter 12. Both sections expand § 541 to include property acquired and earnings received after the commencement of a case but before closing, dismissal, or conversion to Chapter 7. However, these cases do not address whether the creditors are entitled to the property.

Is property of the estate always available for distribution to creditors? No. Pursuant to § 362(a), filing a bankruptcy petition creates an automatic stay against certain actions directed toward the property of the estate. Under what circumstances then can a party in interest gain access to the property of the estate? As set out above, a party in interest may procure an order under FED.R.BANKR.P. 1009(a) requiring the debtor to amend a schedule during the pendency of a case. The FmHA has properly done so. However, this is not the last step in the process to acquire rights in debtors' newly acquired property. Upon amendment of the debtor's schedules, the party in interest must also request a modification of the plan of reorganization under § 1229 after confirmation of the plan to increase the amount of distribution.

■ It is well-settled under § 1329 that a substantial change in the debtor's post-petition financial condition may warrant a change in the amount of the debtor's payments. *Arnold v. Weast (In re Arnold)*, 869 F.2d 240, 241 (4th Cir.1989) (citing *In re Fitak*, 92 B.R. 243, 248–50 (Bankr. S.D.Ohio 1988)). *See also*, 5 COLLIER ON BANKRUPTCY ¶ 1329.01[b] at 1329–4.1 (15th ed. 1988). Because § 1229 is a counterpart of § 1329, the same principle holds true with respect to a case filed under Chapter 12.

In *Arnold*, the debtor experienced a substantial increase in income after the court confirmed a plan of reorganization. During the plan period and before the completion of the plan payments, a creditor moved for a modification of the plan to increase

the amount of such payments. The bankruptcy court granted the creditor's motion. Based on § 1329(a), the Fourth Circuit affirmed the bankruptcy court's decision.

Likewise, *In re Euerle*, 70 B.R. 72 (Bankr.D.N.H.1987) also dealt with the modification of a Chapter 13 plan of reorganization after confirmation. In *Euerle*, the debtor received an inheritance after filing for Chapter 13 but before confirmation of the plan of reorganization and before the debtor made any payments to creditors. The trustee filed a motion to modify the confirmed plan before the completion of payments under the plan. The court held that the inheritance became "property of the estate" under the provisions of § 541(a)(5) and 1306(a)(1). Moreover, the court granted the trustee's motion to modify the confirmed plan under the provisions of § 1329 based on the improvement in the debtor's financial condition.

█ If these were the facts in the instant case, the court would have little doubt that the Debtors' inheritance should be available for distribution to creditors. The facts of this case, however, differ. Edna B. Hart, Debtor Joe P. Hart's mother, died on November 20, 1991, almost eleven months after the end of the third and last "disposable income year" of the Plan. Furthermore, her death occurred after all payments, other than disposable income, had been calculated and paid pursuant to the Plan. Thus, Mr. Hart became entitled to the inheritance well after the end of the Plan period.

The only unfinished matter in the Plan at the time Mr. Hart became entitled to his inheritance was the final calculation by the Trustee of the Debtors' disposable income for the crop years 1989 and 1990 and payment by Debtors of such amount. The Debtors' disposable income was not calculated until 1992 due to a delay by the Trustee's office.[4] The delay was not the fault of the Debtors. Pursuant to the confirmed Chapter 12 plan, the unsecured and deficiency creditors anticipated a return of net disposable income available from the debtors' farming years of 1988, 1989, and 1990. This they received.

### CONCLUSION

The court finds that the inheritance Mr. Hart acquired upon his mother's death became property of the Chapter 12 estate under §§ 541 and 1229, but that it is not available for distribution to creditors because it was not "disposable income" in the years for which the plan provided.

ORDER ACCORDINGLY.[5]

---

**4.** Had the disposable income been determined in a timely manner (*e.g.*, after the end of each year of the three-year Plan period, or even shortly after the end of the entire three-year Plan period in early 1991), the Harts would have been discharged and this case closed before Mr. Hart was eligible to receive his inheritance upon his mother's death on November 20, 1991.

This court is aware of the problems and difficulties faced by the Office of the Chapter 12 Trustee in efficiently administering the numerous Chapter 12 cases filed shortly after the statute was enacted. [Family Farmer Bankruptcy Act of 1986, Pub.L. No. 99–554, 100 Stat. 3088 (1986). Effective 30 days after October 27, 1986.] This is one of those early cases.

**5.** This Memorandum shall constitute Findings of Fact and Conclusions of Law pursuant to Bankruptcy Rule 7052 which is made applicable to Contested Matters by Bankruptcy Rule 9014. This Memorandum will be published.