In re Brian Francis SANFORD, also known as Brian Barney Sanford, Debtor.

Randy Royal, Trustee, Plaintiff–Appellant,

v.

The Co–Personal Representatives of the Probate Estate of Norman L. Sanford: Greg Jones, Norman Lee Sanford, Jeryl Dean Sanford, Lisa Treat, Laura Jones, Thomas Sanford, Kay Sanford, Woody Farnsworth, Frank Sanford; and Brian W. Sanford, Defendants–Appellees,

and

John Does 1 Through 5, Defendants.

BAP No. WY–06–102.
Bankruptcy No. 04–22223.
Adversary No. 05–02025.

United States Bankruptcy Appellate Panel of the Tenth Circuit.

March 28, 2007.

Submitted on the briefs: *

Anthony T. Wendtland, Wendtland & Wendtland, LLP, Sheridan, WY, for Plaintiff–Appellant.

Ron Jurovich, Thermopolis, WY, for Defendants–Appellees.

Before CLARK, BOHANON, and CORNISH, Bankruptcy Judges.

## OPINION

CLARK, Bankruptcy Judge.

Chapter 7 Trustee brought an adversary action seeking to avoid Debtor's renunciation of an interest in his father's estate as a fraudulent transfer under 11 U.S.C. § 548(a)(1) and (2).[1] Following an evidentiary hearing, the bankruptcy court entered judgment in defendants' favor, finding that the renunciation did not constitute a transfer of an interest in property and, therefore, could not be avoided under § 548(a). Trustee appeals. For the reasons stated herein, we reverse the judgment and remand this matter to the bankruptcy court for further proceedings.

## I. APPELLATE JURISDICTION

This Court has jurisdiction to hear timely-filed appeals from final judgments and orders of bankruptcy courts within the Tenth Circuit, unless one of the parties elects to have the district court hear the appeal. 28 U.S.C. § 158(a)(1), (b)(1), and (c)(1); Fed. R. Bankr.P. 8002. Because the notice of appeal was timely filed within ten days of a final order, and because

---

\* The parties did not request oral argument, and after examining the briefs and appellate record, the Court has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. Bankr.P. 8012. The case is therefore ordered submitted without oral argument.

1. Because Debtor's petition was filed in November 2004, all references to the Bankruptcy Code contained herein are to the Code as it existed prior to its amendment by BAPCPA in October 2005.

neither party to this appeal has elected to have the appeal heard by the district court, this Court has appellate jurisdiction.

## II. ISSUES AND STANDARD OF REVIEW

■ The only issue on appeal is whether the bankruptcy court correctly determined that Debtor's renunciation was not a transfer of an interest in property subject to § 548(a). This is primarily an issue of law, which this Court reviews *de novo. Pierce v. Underwood,* 487 U.S. 552, 558, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988). To the extent that fact findings underlie a legal conclusion, we review those findings under the clearly erroneous standard. *Las Vegas Ice & Cold Storage Co. v. Far W. Bank,* 893 F.2d 1182, 1185 (10th Cir.1990). A factual finding is "clearly erroneous" when " 'it is without factual support in the record, or if the appellate court, after reviewing all the evidence, is left with the definite and firm conviction that a mistake has been made.' " *Id.* (quoting *LeMaire ex rel. LeMaire v. United States,* 826 F.2d 949, 953 (10th Cir.1987)). Finally, this Court must reach its own conclusions regarding state law legal issues, without deferring to the bankruptcy court's interpretation of state law. *Kelaidis v. Cmty. First Nat'l Bank (In re Kelaidis),* 276 B.R. 266, 270 n. 1 (10th Cir. BAP 2002).

## III. BACKGROUND

Debtor's father died in Wyoming in September 2003, having previously named Debtor a beneficiary under his will. Shortly thereafter, in October 2003, Dale Barlage obtained a $1.2 million default judgment against Debtor in Arizona. The Arizona judgment was then domesticated in Wyoming, one of two states in which Debtor apparently resided at that time and the state in which his father's estate is located. On January 21, 2004, Debtor allegedly executed a renunciation of his interest under his father's will and gave it to his brother, Norman Lee Sanford, who was storing all of Debtor's business documents at that time.

Throughout 2004, Barlage's attorneys attempted to attach Debtor's interest in his father's estate. Debtor opposed these efforts on grounds other than his renunciation, never mentioning it or otherwise suggesting that he held no interest in his father's estate. On November 15, 2004, Debtor filed a petition for bankruptcy relief in Wyoming. On the same day, but in a different Wyoming city, Debtor's renunciation document was filed in state court, apparently by Norman Lee Sanford.[2] No probate proceedings were yet pending when the renunciation was filed. State court probate of Debtor's father's estate was initiated in March 2005.

Trustee filed an adversary proceeding in the bankruptcy case, seeking to avoid Debtor's renunciation as a fraudulent conveyance under 11 U.S.C. § 548(a)(1) and (2). During the course of the adversary proceeding, the bankruptcy court entered an order, pursuant to 28 U.S.C.

---

**2.** Interestingly, the bankruptcy court "assumed" that the renunciation document was filed in state court prior to the filing of the bankruptcy petition, stating that, "otherwise, the testamentary gift would be property of the estate under 11 U.S.C. § 541(a)(5)." Opinion on Complaint at 4 n. 2, *in* Supplemental Appendix of Appellant at 304. However, unlike some other states, Wyoming does not require disclaimers to be filed in order to be valid. As such, when it was filed is irrelevant, and the court's statement regarding the time of its filing may be disregarded. However, since validity of the renunciation was not considered by the bankruptcy court at trial, other challenges to it, which might have included that the document did not actually exist until shortly before its filing, or that it was not delivered in accordance with Wyoming law, were not asserted.

§ 1334(c)(2), abstaining from consideration of the validity of Debtor's renunciation under Wyoming law, characterizing that issue as a separate claim. Order on Defendants' Motions for Dismissal, Abstention and to Join a Necessary Party, *in* Appendix of Appellee at 368. In June 2006, an evidentiary hearing was held on Trustee's fraudulent conveyance claim, resulting in the bankruptcy court's ruling that Debtor's renunciation related back to his father's death and was therefore not an avoidable transfer. Trustee appealed.

## IV. DISCUSSION

Debtor contends that he renounced his interest in his father's estate in January 2004. Trustee contends that Debtor's renunciation, which took place within one year of his initiation of bankruptcy proceedings, constitutes a fraudulent attempt to deprive his creditors of assets to which they are entitled. Pursuant to 11 U.S.C. § 548(a)(1), any "transfer of an interest of the debtor in property" that occurs within one year before the filing of the bankruptcy petition is subject to avoidance by the Trustee, either under circumstances amounting to fraud or where debtor did not receive reasonably equivalent consideration. "Thus, before a court reaches the elements of fraudulent conveyance, such as 'reasonably equivalent value,' the court must determine that there was a transfer of property in the first place." *In re Bright*, 241 B.R. 664, 666 (9th Cir. BAP 1999).

■ The Bankruptcy Code defines what constitutes a "transfer" in 11 U.S.C. § 101(54), but does not explicitly define what constitutes an "interest in property." However, 11 U.S.C. § 541(a), which describes "property of the estate," includes "all legal or equitable interests of the debtor in property." 11 U.S.C. § 541(a)(1). In applying this section, we look to state law to determine the debtor's "interest in property." *Butner v. United States*, 440 U.S. 48, 55, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979). A debtor's right to receive a testamentary distribution under state law is considered an "interest in property" that belongs to the estate. *See Nashville City Bank & Trust Co. v. Peery (In re Peery)*, 40 B.R. 811, 813–14 (Bankr.M.D.Tenn. 1984); *Balsley v. Farmers & Merchants Bank (In re Elliott)*, 81 B.R. 460, 462 (Bankr.N.D.Ill.1987). As such, if Debtor transferred such a right within one year prior to initiation of the bankruptcy case, that transfer could be subject to avoidance in accordance with § 548(a).

However, some states' laws provide that a disclaimer of a testamentary devise, executed after the death of the testator, "relates back" such that the devise passes directly from the estate to the contingent beneficiaries, as though the devisee had pre-deceased the testator. This "legal fiction" stems from the fact that, in most states, property vests in the devisee immediately upon the death of the testator. In order to avoid potential title issues, especially with respect to real property, many states allow devisees a period of time in which to retroactively renounce a testamentary gift. The Fifth and Seventh Circuit Courts of Appeals, along with the Ninth Circuit Bankruptcy Appellate Panel, have all held that such retroactive state law renunciations do not constitute transfers under § 548. *See In re Simpson*, 36 F.3d 450, 453 (5th Cir.1994); *Jones v. Atchison (In re Atchison)*, 925 F.2d 209, 211 (7th Cir.1991); *In re Costas*, 346 B.R. 198, 203–04 (9th Cir. BAP 2006). Similarly, the Eighth Circuit has held that a renunciation that related back under Missouri law was not a transfer for purposes of the Uniform Fraudulent Transfers Act, *In re Popkin & Stern*, 223 F.3d 764, 769 (8th Cir.2000), and the Tenth Circuit has held that a

debtor's disclaimer of a testamentary interest that related back to the decedent's death under Colorado law was not a transfer for purposes of the bankruptcy trustee's avoidance powers, *Hoecker v. United Bank of Boulder,* 476 F.2d 838, 841 (10th Cir.1973) (interpreting § 67(d)(2) of the former Bankruptcy Act, codified at 11 U.S.C. § 107(d)(2)).

Significantly, however, in executing a renunciation, the devisee must comply with the requirements of state law or risk either loss of the relation back benefit or invalidity of the renunciation in its entirety. Thus, in *Garrett v. Vaughan (In re Vaughan),* 261 B.R. 700, 706 (Bankr. W.D.Okla.2001), the court held that "[c]ompliance with the statutory procedures to disclaim his interest in the Trust was a pre-condition to [debtor's] receipt of the benefits conferred by Oklahoma's disclaimer statutes." The *Vaughan* debtor's failure to comply with the requirements of Oklahoma's disclaimer statutes, which included proper witnessing and acknowledgment of the disclaimant's signature and filing of the disclaimer in court, resulted in loss of the relation back benefit. Therefore, the disclaimer was deemed a transfer subject to § 548. *Id.* at 705–06.

In this case, both Debtor's interest under his father's will and his disclaimer of that interest are governed by Wyoming law. Wyoming law in 2004 provided that, "[a]ny person may disclaim any interest in property which without a disclaimer he would receive by gift, bequest, devise, inheritance, or would pass by right of survivorship." Wyo. Stat. Ann. § 2–1–401 (1997). Wyoming law also provided that a disclaimed interest under a will passes as though the disclaimant did not survive the testator, in effect, "relating back" to the testator's death. Wyo. Stat. Ann. § 2–1–404(a)(ii) (1997) ("The interest disclaimed passes under the residuary clause of trans-

feror's will if he died prior to the disclaimer."). However, Wyoming imposes certain requirements on disclaimers:

(a) To qualify as a disclaimer:

(i) There shall be a written irrevocable and unqualified refusal by the disclaimant to accept an interest in property; and

(ii) The writing shall be received by the transferor of the interest, his legal representative or the holder of the legal title to the property to which the interest relates within nine (9) months after the later of:

(A) The day on which the transfer creating the interest in the person is made; or

(B) The day on which the person attains age twenty-one (21); and

(iii) The disclaimant has not accepted the interest or any of its benefits; and

(iv) As a result of a refusal under this subsection, the interest passes without any direction on the part of the person making the disclaimer and passes either:

(A) To the spouse of the decedent; or

(B) To a person other than the person making the disclaimer.

Wyo. Stat. Ann. § 2–1–403(a) (1987).

■ Accordingly, a disclaimer is only effective under Wyoming law if it meets several requirements, including that it be unqualified, irrevocable, and delivered to the testator's legal representative within nine months of death. In addition, the disclaimant may not accept any benefit of the interest disclaimed. An ineffective disclaimer is not entitled to the relation back benefit provided by the Wyoming statutes and, therefore, is potentially avoidable pursuant to § 548(a). Thus, absent a determination of the validity of Debtor's renuncia-

tion under Wyoming law, the fraudulent transfer issue cannot be resolved.

## V. CONCLUSION

Although the bankruptcy court found "some of the traditional badges of fraud [to be] evident in this case," it felt constrained by *Hoecker* to rule in Debtor's favor. However, the bankruptcy court specifically did not determine the validity of Debtor's renunciation. A determination that the renunciation satisfies the requirements of Wyoming's disclaimer statutes, as set forth in § 2–1–403(a), is a prerequisite to applicability of the *Hoecker* holding. As such, the bankruptcy court's ruling in Debtor's favor was premature. We therefore reverse that decision and remand for further proceedings in accordance with this decision.[3]

---

**3.** We recognize that remand may pose a quandary for the bankruptcy court, which already entered an order abstaining from determining the validity issue. Nonetheless, because the abstention order was not appealed, the correctness of that decision is not before us. However, we note that proceedings to avoid fraudulent conveyances are "core proceedings" over which bankruptcy courts have jurisdiction, 28 U.S.C. § 157(b)(2)(H).