[Civ. No. 3803. Third Appellate District.—September 17, 1929.]

H. F. MEILINK, Appellant, v. LOUISA GIANELLI, as Executrix, etc., et al., Respondents.

Ernest J. Torregano, Levinsky & Jones and Torregano & Stark for Appellant.

Jacobs & Jacobs, Warren H. Atherton and Rudolph Gianelli for Respondents.

FINCH, P. J.—The facts stated herein are alleged in the complaint. The Joe Gianelli Company is a corporation with a capital stock of 1,000 shares. At all times since the

organization defendants Joe Gianelli, Jr., has owned twenty-five shares, B. R. Gianelli twenty-five shares and Louiga Gianelli fifty shares, Guisseppe Gianelli, now deceased, owned 900 shares from the organization of the corporation to the time of his death. He left a last will by which he gave his wife Louisa Gianelli, one-half of his property and the other half to his children in equal shares. There is some uncertainty in the complaint as to whether the stock was specifically bequeathed, but in his closing brief appellant admits that it was not. The will was admitted to probate and Louisa Gianelli was appointed executrix thereof. As such executrix she has possession of the 900 shares of the stock. The estate is in course of administration and undistributed. It does not appear that any proceeding has been had to determine who are the heirs of the deceased or who are entitled to distribution of the estate.

The plaintiff, as assignee of many creditors of the corporation, brought this action to recover from the defendants on their liability as alleged stockholders for debts incurred by the corporation since the death of the deceased. The defendants demurred to the complaint. The demurrers of Joe Gianelli, Jr., B. R. Gianelli, Louiga Gianelli and Louisa Gianelli, as executrix, were overruled. The demurrers of the defendants who have no interest in the stock of the corporation except as heirs or beneficiaries under the will were sustained without leave to amend and judgment was thereupon entered in favor of such defendants. The plaintiff has appealed from the judgment.

It clearly appears that the demurrers of the beneficiaries were properly sustained. The court is without jurisdiction to determine in this action who are entitled to distribution of the estate, but the court sitting in probate has exclusive jurisdiction to determine that question. (*Schade* v. *Stewart,* 205 Cal. 658 [272 Pac. 567]; 12 Cal. Jur. 125 and 165; Code Civ. Proc., secs. 1664 and 1666.) It would be a singular rule which would hold the beneficiaries liable as stockholders when subsequently, in the probate proceeding, it may be conclusively determined that they are not entitled to have any of the stock distributed to them. Appellant relies on *Western Pac. Ry. Co.* v. *Godfrey,* 166 Cal. 346, 349 [Ann. Cas. 1915B, 825, 136 Pac. 284, 285], where it is said that "a legatee who does not renounce a legacy of

shares of stock in a corporation, but upon distribution receives and accepts the same, must be held to have been the owner of said stock from the time of the death of the decedent, and in consequence liable as such for his proportion of the corporate debts contracted after the death of the decedent.'' Not only does the language quoted show that the legatee's right to distribution had been determined in the probate proceeding and that the shares of stock had been distributed to him, but the court further said: ''Of course, until distribution it cannot be certainly known that any shares of stock would ever be distributed in kind to the heirs or legatees.'' The decision relied on in no manner supports appellant's contention.

 The complaint further alleges that the beneficiaries under the will executed and filed in the probate proceeding an instrument reading as follows: ''We, the undersigned, adult children and heirs of Guisseppe Gianelli, deceased, and legatees and devisees under his will, do hereby give our consent and waive all objection to the assignment by the Joe Gianelli Company, a corporation, of all its property and assets, in trust, for the benefit of all its creditors, and we hereby consent and waive all objection to the executrix of said estate voting, as such executrix, the stock of said corporation that belonged to said deceased in his lifetime, in favor of such assignment for the benefit of said creditors, and if so voted, we hereby consent that the Superior Court in which said estate is pending may ratify, authorize or affirm said act of said executrix in voting said stock and in making such assignment in so far as said estate is concerned or interested in said corporation.''

It is not perceived in what manner this instrument can be given the effect of making the beneficiaries liable as stockholders of the corporation. If a decree had been entered in the probate proceeding distributing the stock to them, then the instrument would tend to show their acceptance of the stock, but there can be no effective acceptance until it has been determined that they are at least entitled to have the stock distributed to them on the final settlement of the estate, a determination which, as stated, cannot be made in this case.

The judgment is affirmed.

Plummer, J., and Thompson (R. L.), J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 17, 1929, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 14, 1929.

All the Justices concurred.