Robert M. CASSEL, Appellant,

v.

Hilde KOLB, Trustee, Jonathan Kolb, Richard Kolb and Douglas Kolb, Appellees.

No. C–00–0912–PJH.

United States District Court, N.D. California.

Sept. 27, 2001.

Neil R. Bardack, McQuaid Metzler Bedford & Van Zandt, LLP, San Francisco, CA.

John Poppin, Matthew J. Shier, Poppin & Shier, San Francisco, CA.

Dennis Montali, U.S. Bankruptcy Court, N.D. of California, San Frnacisco, CA.

## ORDER AFFIRMING BANKRUPTCY COURT'S AWARD OF SUMMARY JUDGMENT

HAMILTON, District Judge.

Before the court is an appeal from an order of the United States Bankruptcy Court of the Northern District of California granting summary judgment in a Chapter 11 bankruptcy proceeding. Having carefully reviewed the parties' papers and considered their arguments and relevant legal authority, the court hereby AFFIRMS the Bankruptcy Court's decision for the following reasons.

## BACKGROUND

Appellant, Robert M. Cassel, is a judgment creditor who commenced this action in the bankruptcy case of the debtor, Theodore A. Kolb. Cassel claims (1) that Kolb accepted a contingent interest in a trust created by his father's will, rendering his subsequent disclaimer invalid, and (2) that even if Kolb did not accept the interest, his subsequent disclaimer was fraudulent. Appellees are Kolb's mother, the trustee and life beneficiary of the trust, and Kolb's three children who succeed to Kolb's disclaimed interest in the trust.

Theodore Kolb is one of three children of Leon and Hilde Kolb. Leon died on May 11, 1977. Under the terms of his will, half of his estate passed to Hilde in trust for her use during her lifetime, and then upon her death it would pass equally to their three children. Thus, since his father's death in 1977, Theodore Kolb held a contingent interest in the trust created by his father's will.

On May 16, 1997, Theodore Kolb filed a disclaimer of his contingent interest in the trust. Three days later, on May 19, 1997, Theodore Kolb voluntarily filed for Chapter 11 bankruptcy. Thereafter, Cassel, Kolb's former law partner and a judgment creditor, commenced this adversary proceeding alleging that the disclaimer is invalid because Kolb previously accepted the benefits of the trust by (a) directly using trust money and, (b) from 1988 until 1994, listing a one-third interest in trust properties on loan documents. More specifically on the first point, Cassel contends that Kolb withdrew trust money for personal use from his mother's bank account. As to the second point, Cassel points out that Kolb listed his interest in trust properties on financial statements submitted with his loan applications. Kolb valued his interest at $900,000, or roughly one-third of his reported net worth. Cassel claims that by listing trust properties among his current

assets, Kolb increased the likelihood that the bank would approve his loans and thus accepted the benefits of the trust under California Probate Code section 285. Accordingly, Cassel argues that Kolb's subsequent disclaimer is invalid.

Further, Cassel argues that even if the allegations above do not constitute acceptance of trust benefits, Kolb's disclaimer is a fraudulent transfer under Bankruptcy Code section 548. By prohibiting a transfer of property for less than its full value, section 548 aims to prevent debtors from wrongfully diminishing funds otherwise available to creditors.

In the proceeding below, the parties filed cross-motions for summary judgment. The Honorable Dennis Montali of the Bankruptcy Court for the Northern District of California ruled in appellees' favor, dismissed the adversary proceeding, and awarded costs to appellees. This appeal followed.

## DISCUSSION

A. Legal Standard.

■■■ The standard for a district court's review of a bankruptcy court's decision is identical to the standard used by appellate courts in reviewing district court decisions. *In re Baroff,* 105 F.3d 439, 441 (9th Cir.1997). The district court thus reviews the bankruptcy court's conclusions of law *de novo,* and reviews its factual findings for clear error. *In re George,* 177 F.3d 885, 887 (9th Cir.1999).

B. Cassel's Motion For Summary Judgment.

1. Kolb did not accept an "interest."

Under California Probate Code section 285(a), "[a] disclaimer may not be made after the beneficiary has accepted the interest sought to be disclaimed." Thus, a disclaimer is invalid if the beneficiary has

previously accepted "the interest or part thereof or benefit thereunder." Cal.Prob. Code § 285(b)(3) (2001).

As noted, Cassel argues that Kolb's disclaimer was ineffective under California Probate Code section 285(b)(3) because Kolb accepted the benefit of his contingent interest by (1) using trust money and (2) including real estate owned by the trust among his assets on a financial statement used to secure a bank loan. These arguments will be addressed in turn.

### a. Use of Trust Monies.

■ Cassel contends that Kolb drew upon "trust accounts" by withdrawing money from his mother's bank accounts, which included trust income. However, Kolb was authorized to draw upon his elderly mother's bank accounts using his power-of-attorney to manage her personal affairs. At the bankruptcy court hearing on Kolb's motion for summary judgment, Judge Montali found that tracing money from the trust to Kolb through his power-of-attorney over his mother's funds was too attenuated.[1] Tr 2. at 3. Accordingly, the bankruptcy court granted Kolb's motion on this issue, making a finding of fact that Kolb's use of trust money via his power-of-attorney did not constitute acceptance of an interest or benefit as defined by section 285. This court reviews the bankruptcy court's ruling for clear error.

Cassel cannot show that the funds withdrawn by Kolb were not used to manage his mother's affairs. Accordingly, this court cannot find clear error by the bankruptcy court.

### b. Listing Trust Assets on The Loan Application.

Next, Cassel argues that Kolb's act of listing trust-owned real estate among his personal assets on a financial statement to obtain a loan constituted acceptance of an "interest ... or benefit thereunder" within the meaning of California Probate Code section 285(b)(3).

In granting summary judgment in favor of the Kolbs, Judge Montali ruled that stating a fact on a loan application does not constitute acceptance of a benefit under section 285. Tr 2. at 11. As noted, this court has relied upon the hearing transcripts to discern the basis of Judge Montali's rulings. At the beginning of the hearing on this issue, Judge Montali indicated that perhaps, depending on the facts, it would be possible for such an act to constitute acceptance: "if Mr. Cassel felt that he could prove that the loan wouldn't have been made but for this representation, then maybe he's entitled to prove that." Tr 2. at 11. Because it ultimately appears, however, that Judge Montali's ruling may have been intended as a conclusion of law, and because a conclusion of law requires a more detailed level of scrutiny by the reviewing court, this ruling will be reviewed *de novo*.

■ The right to disclaim an interest stems from the traditional notion that a person cannot be forced to accept property against his/her will. *Jewett v. Comm'r of Internal Revenue*, 455 U.S. 305, 323, 102 S.Ct. 1082, 71 L.Ed.2d 170 (1982). Thus, section 285 allows a person to disclaim their inheritance so long as they have not accepted the interest. The parties have

---

**1.** The bankruptcy court's summary judgment order does not include the reasoning underlying Judge Montali's rulings. For that information, the court has turned to the transcripts of the hearings on the cross-motions for summary judgment. The December 17, 1999, hearing is cited herein as "Tr 1. at ___" and the March 3, 2000, hearing is cited as "Tr 2. at ___."

not identified cases construing the "benefit thereunder" language in section 285(b)(3).

■ California courts generally invalidate a disclaimer of a vested interest when the disclaimant bargains away his/her inheritance rights. Thus, a California Court of Appeal rejected a disclaimer made in exchange for a life estate in income accruing from an investment fund. *See Estate of Goshen,* 167 Cal.App.3d 97, 102, 212 Cal.Rptr. 919 (1985). *Goshen* held that when a disclaimant retains a benefit from a bargain for his/her disclaimer, the disclaimer is invalid under Probate Code section 190.7 (the predecessor of section 285). *See id.* ("[I]t is clear that respondent was bargaining rather than disclaiming"). Similarly, a court invalidated a disclaimer when the disclaimant entered into an agreement to disclaim an interest in exchange for one-fifth of the estate and consent to appointment as executrix. *See Estate of Murphy,* 92 Cal.App.3d 413, 423, 154 Cal.Rptr. 859 (1979) ("[The] agreement was an assignment and compromise and not a disclaimer"). The court held that a valid disclaimer does not involve an agreement with other parties but rather implies a unilateral action that conveys no interest to other parties. *Id.*

■ Moreover, using inherited property to obtain credit constitutes acceptance of the gift and renders a subsequent disclaimer invalid. *See In re Atchison,* 925 F.2d 209 (7th Cir.1991), cert. denied *sub nom, Jones v. Atchison,* 502 U.S. 860, 112 S.Ct. 178, 116 L.Ed.2d 140 (1991). In so noting, the Seventh Circuit cited a state statute nearly identical to California Probate section 285(b)(3). *Id.* The present case is distinguishable, however, because while *Atchison* involved a vested interest, the present dispute concerns a *contingent* interest.

■ If a disclaimant temporarily uses his inheritance, he can still disclaim his interest. Thus, the Ninth Circuit Court of Appeals held that *de minimis* use of estate property did not constitute "acceptance" of a testamentary gift. *See Mapes v. United States,* 15 F.3d 138, 141 (9th Cir.1994). Interpreting an Arizona law similar to California Probate Code section 285, *Mapes* concluded that even though the beneficiary retained possession of the testator's car for nearly a year, he did not "accept" the gift because he did not "take title to the automobile, use it as collateral for a loan, or engage in any other conduct that would imply an intent to keep the car." *Id.*

As noted, the disclaimer at issue here was the disclaimer of a contingent interest. While the court is unaware of cases indicating a beneficiary can "accept" a contingent interest under section 285, an older California Court of Appeal decision indicates that "acceptance" is impossible until an interest vests. *See Meilink v. Gianelli,* 100 Cal.App. 615, 617, 280 P. 561 (1929) (Ruling that defendants/creditors were prevented from recovering debts from the plaintiffs' inheritance until final settlement of the estate, the court held that there can be "no effective acceptance" until a beneficiary is entitled to an interest).

■ However, it is unnecessary for the court to reach the issue of whether a contingent interest may be accepted. Regardless of the answer to that question, it is clear that Kolb's act did not constitute acceptance. By listing his interest in trust properties among his assets on a loan application, Kolb greatly increased his net worth and also increased the likelihood that his loan would be approved. He did not identify his interest as contingent. As noted by Judge Montali, assuming the contingent interest had some value, it is likely that Kolb was under an obligation to list the interest on his loan application. Tr 2. at 7. Even if there was no such obligation, however, merely stating the truth of the matter—that he held a contingent inter-

est—could not constitute acceptance even if he received the loan on that basis. As noted by Judge Montali, it is easy to imagine a scenario where, even though a loan applicant does not list a contingent interest on an application, a loan officer approves a loan on the basis of the officer's *knowledge* that the applicant stands to inherit a substantial sum of money. Tr 2. at 11. Under those circumstances, it cannot be said that there was acceptance. Similarly, there is no acceptance here. While not indicating that his interest was contingent may have been deceitful, the mere listing of the interest did not constitute acceptance. Until a beneficiary exercises some measure of dominion or control over an interest, the beneficiary has not accepted the interest under section 285. At most, Kolb exercised *de minimis* use of his interest, which did not rise to the level of acceptance under section 285. Accordingly, the court finds that Kolb's disclaimer was valid.

2. The disclaimer was not a fraudulent transfer under 11 U.S.C. section 548.

Cassel also argues that Kolb's disclaimer is a fraudulent transfer under 11 U.S.C. § 548, which states, in relevant part,

[t]he trustee may avoid any transfer of an interest of the debtor in property . . . that was made or incurred on or within one year before the date of the filing of the [bankruptcy] petition . . . if the debtor . . . made such transfer . . . with actual intent to hinder, delay, or defraud any entity to which the debtor was . . . indebted ( . . . ).

11 U.S.C. § 548 (2001).

Cassel argues that because federal law dictates the meaning of "property" in this context, the relation-back feature of California's disclaimer statute is rendered ineffective and, consequently, Kolb's disclaimer is a fraudulent transfer under section 548. In contrast, Kolb contends that the California Probate Code controls here, under which a disclaimer is not a fraudulent conveyance. The bankruptcy court ruled—as a matter of law—that a disclaimer pursuant to California Probate Code section 275 is not a fraudulent transfer under Bankruptcy Code section 548. Tr 1. at 40, 42. This court reviews that ruling *de novo*.

In assessing the existence of a fraudulent transfer, state law determines whether the debtor has an interest in "property," *see Butner v. U.S.*, 440 U.S. 48, 55, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979) ("Property interests are created and defined by state law . . . [u]nless some federal interest requires a different result . . ."), and federal law determines whether such property was "transferred." *In re Bright*, 241 B.R. 664, 666 n. 3 (9th Cir. BAP 1999).

Under the relation-back feature of California's disclaimer statute, when a beneficiary disclaims an interest in property, the probate code invokes a legal fiction that treats the beneficiary as having predeceased the testator. *See Cal.Prob.Code* § 282 (2001). This provision treats the beneficiary as having never possessed the disclaimed property. *Id.*

Regarding transfer, although Congress has deemed state disclaimers "transfers" for federal income tax purposes, *see, e.g., Drye v. U.S.*, 528 U.S. 49, 120 S.Ct. 474, 145 L.Ed.2d 466 (1999); *U.S. v. Irvine*, 511 U.S. 224, 114 S.Ct. 1473, 128 L.Ed.2d 168 (1994); *Jewett*, 455 U.S. 305, 102 S.Ct. 1082, 71 L.Ed.2d 170, it has not done so in the bankruptcy context. *See Butner*, 440 U.S. at 54, 99 S.Ct. 914 ("Congress has generally left the determination of property rights in the assets of a bankrupt's estate to state law"). Indeed, the Supreme Court noted that the policy underlying state disclaimer statutes is to assist debtors in preventing creditors "from reaching the disclaimed property." *Ir-*

*vine,* 511 U.S. at 224, 240, 114 S.Ct. 1473 (1994).

Several circuit courts of appeal have concluded that disclaimers pursuant to state law are not fraudulent transfers under section 548. *See,* e.g., *In re Simpson,* 36 F.3d 450, 452 (5th Cir.1994); *In re Atchison,* 925 F.2d 209 (7th Cir.1991), cert. denied *sub nom, Jones v. Atchison,* 502 U.S. 860, 112 S.Ct. 178, 116 L.Ed.2d 140 (1991); *Hoecker v. United Bank of Boulder,* 476 F.2d 838, 841 (10th Cir.1973). Additionally, the Ninth Circuit Bankruptcy Appellate Panel held that a valid state disclaimer is not a "transfer" under section 548. *In re Bright,* 241 B.R. at 672. Finally, California Probate Code section 283 expressly states that a disclaimer is not a "fraudulent transfer." In contrast, this court is unaware of cases that hold that section 548 trumps a valid state disclaimer.

 Thus, for there to be a fraudulent transfer, there must first be a transfer of property. For there to be a transfer of property, state law must declare that the disclaimant held "property" and federal law must declare that a "transfer" occurred. Here, Kolb neither possessed the disclaimed property under state law nor transferred the property under federal law. Consequently, there was no fraudulent transfer. The bankruptcy court's decision on this issue was therefore correct.

### CONCLUSION

In accordance with the foregoing, the court hereby AFFIRMS the decision of the bankruptcy court granting summary judgment. This order further fully adjudicates the appeal and terminates all pending motions for this case. The clerk shall close the file.

**IT IS SO ORDERED.**