WILL, Senior District Judge.
 

 Anola Atchison and her husband Darrell Atchison filed for joint bankruptcy under Chapter 7 of the Bankruptcy Code less than three months after she disclaimed an inheritance under her father’s will, causing the property to pass to the couple’s children. Charles Jones, the appointed trustee, filed a complaint which alleged that Anola Atchison’s disclaimer was voidable under Section 548(a) of the Bankruptcy Code, 11 U.S.C. § 548(a), which permits, under certain circumstances, a trustee to avoid a debtor’s transfer of an interest in property made within one year of the bankruptcy filing.
 
 [1]
 
 On the debtors’ motion to dismiss, the bankruptcy judge held that Anola did not have an interest in the devised property which could be transferred and dismissed the complaint as failing to state a claim under Section 548(a).
 
 [2]
 
 101 B.R. 556. The district court affirmed and Jones appeals.
 

 The sole question is whether Ano-la’s disclaimer was a “transfer of an interest of the debtor in property” which the trustee may avoid under Section 548(a). The Bankruptcy Code defines the word “transfer” to include “every mode ... of ... parting with ... an interest in property”, 11 U.S.C. § 101(50), but it does not define what constitutes an interest in property. Absent a federal provision to the contrary, a debtor’s interest in property is determined by applicable state law.
 
 See Butner v. United States,
 
 440 U.S. 48, 55, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979);
 
 In
 
 
 *211
 

 the Matter of Chicago, Rock Island and Pacific Railroad Co.,
 
 772 F.2d 299, 302 (7th Cir.1985),
 
 cert. denied,
 
 475 U.S. 1047, 106 S.Ct. 1265, 89 L.Ed.2d 574 (1986);
 
 In re Detlefsen,
 
 610 F.2d 512, 515 (8th Cir.1979). The parties agree that Illinois law controls.
 

 Under Illinois law, Anola’s testamentary gift passed directly to her upon her father’s death.
 
 Tompkins State Bank v. Niles,
 
 127 Ill.2d 209, 219, 130 Ill.Dec. 207, 211, 537 N.E.2d 274, 278 (1989);
 
 Trustees of Schools v. Clippinger,
 
 404 Ill. 202, 204, 88 N.E.2d 451, 452 (1949). She chose to exercise her right to reject the property by executing a disclaimer.
 
 See Tompkins,
 
 127 Ill.2d at 220, 130 Ill.Dec. at 212, 537 N.E.2d at 279; Ill.Rev.Stat., Ch. IIOV2, para. 2-7(a).
 
 [3]
 
 Once the disclaimer was executed, the property passed as if Anola had predeceased her father and the disclaimer related back to the date of his death “for all purposes.” Ill.Rev.Stat., Ch. IIOV2, para. 2-7(d).
 
 [4]
 
 Therefore, the effect of the disclaimer was to prevent Anola from ever acquiring an interest in the property.
 
 See Tompkins,
 
 127 Ill.2d at 219-220, 130 Ill.Dec. at 279, 537 N.E.2d at 279.
 

 The trustee argues that the disclaimer constituted a transfer of an interest in property because when Anola executed the disclaimer she must have had an interest which could be disclaimed. But she did not. The relation back provision of the Illinois disclaimer statute eliminated any interest Anola held at the time of the disclaimer. Although there is a presumption that a beneficiary accepts a testamentary gift, a valid disclaimer overcomes this presumption and retroactively erases any interest in the beneficiary disclaiming.
 
 See Tompkins,
 
 127 Ill.2d at 219-220, 130 Ill. Dec. at 212, 537 N.E.2d at 279; Ill.Rev. Stat. ch. 11072, para. 2-7.
 

 Cases cited by the trustee to the contrary are unpersuasive because they fail to give full application to the relation back doctrine under applicable state laws.
 
 See In re Peery,
 
 40 B.R. 811 (Bankr.M.D.Tenn.1984);
 
 In re Stevens,
 
 112 B.R. 175 (Bankr.S.D.Tex.1989). Section 2-7 of the Illinois Probate Act expressly states that a disclaimer relates back to the death of the testator “for all purposes.”
 
 See also Tompkins,
 
 127 Ill.2d at 221, 130 Ill.Dec. at 207, 537 N.E.2d at 274. To argue, as the trustee does, that at the moment of the disclaimer there had to be some property interest which the beneficiary disclaimed ignores the express language of the Illinois disclaimer statute which says for all purposes there was not. Anola’s refusal to accept an interest in property to which she was entitled is not a transfer of that interest to another.
 
 Cf. Hoecker v. United Bank of Boulder,
 
 476 F.2d 838 (10th Cir.1973) (holding that under Colorado law, a disclaimer was not a fraudulent transfer under Section 67(d)(2) of the Bankruptcy Act). She had nothing to transfer. Under Illinois law, the property passed directly to Anola’s children under the provisions of her father’s will as though she had predeceased him.
 

 A debtor’s disclaimer relates back to the death of the testator whether or not it adversely affects the interest of creditors.
 
 Tompkins,
 
 127 Ill.2d at 229, 130 Ill.Dec. at 212, 537 N.E.2d at 279. The relation back doctrine favors the right of beneficiaries to reject a gift over competing interests. This does not unfairly prejudice creditors. Although the doctrine operates to permit a debtor to dodge creditors who might otherwise have access to inherited property, a testamentary gift could not be disclaimed if the debtor had used this property as a basis for acquiring credit.
 
 See
 
 Ill.Rev.Stat.
 
 *212
 
 ch. IIOV2, par. 2-7(e).
 
 [5]
 
 Illinois law protects creditors by limiting the right to disclaim to those beneficiaries who have not acted in a manner inconsistent with a complete renunciation of any rights to the disclaimed property, and there is no allegation that Anola acted in any manner which rendered her disclaimer invalid.
 

 All applicable state law must be construed to determine whether a debtor possesses a property interest. Although a testamentary gift passes directly to a beneficiary upon the testator’s death, a valid disclaimer under Section 2-7 relates back to the testator’s death for all purposes and eliminates any interest the beneficiary has in the property disclaimed. Therefore, we hold that the disclaimer does not constitute a transfer of an interest in property which the trustee may avoid under Section 548(a) of the Bankruptcy Code. Accordingly, the decision of the district court is Affirmed.
 

 [1]
 

 . Section 548(a) provides in pertinent part: The trustee may avoid any transfer of an interest of the debtor in property ... that was made ... within one year before the date of the filing of the petition, if the debtor voluntarily or involuntarily—
 

 (1) made such transfer ... with actual intent to hinder, delay, or defraud any entity to which the debtor was or became indebted; or
 

 (2)(A) received less than a reasonably equivalent value in exchange for such transfer ... and
 

 (B) was insolvent on the date that such transfer was made ... or became insolvent as a result of such transfer....
 

 [2]
 

 . The remaining allegations of the complaint were either dismissed or conceded by the parties.
 

 [3]
 

 . Section 2-7(a) provides:
 

 Right to Disclaim Interest in Property. A person to whom any property or interest therein passes, by whatever means, may disclaim the property or interest in whole or in part by delivering or filing a written disclaimer as hereinafter provided.
 

 [4]
 

 . Section 2-7(d) provides in pertinent part:
 

 Effect of Disclaimer. Unless expressly provided otherwise in an instrument transferring the property or creating the interest disclaimed, the property, part or interest disclaimed shall descend or be distributed ... (a) in the case of a transfer by reason of the death of any person, as if the disclaimant had predeceased the decedent ...; and ... the disclaimer shall relate back to such date for all purposes.
 

 [5]
 

 . Section 2-7(e) provides in pertinent part: Waiver and Bar. The right to disclaim property ... shall be barred by ... (2) an assignment, conveyance, encumbrance, pledge, sale or other transfer of the property ... by the disclaimant ... or (4) an acceptance of the property ... by the disclaimant.