United States Court of Appeals,

Fifth Circuit.

No. 94-10447

Summary Calendar.

In the Matter of Homer Ronald SIMPSON and Shirley A. Simpson, Debtors.

Homer Ronald SIMPSON, Kelley Renee Simpson and Ronald Keven Simpson, Appellees,

v.

Deborah J. PENNER, Trustee for the Estate of Homer Ronald Simpson, and Wife, Shirley A. Simpson, Appellant.

Oct. 27, 1994.

Appeal from the United States District Court for the Northern District of Texas.

Before DUHÉ, WIENER and STEWART, Circuit Judges.

PER CURIAM:

Deborah Penner, as a bankruptcy trustee, appeals the judgment of the district court holding that under Texas law, a valid disclaimer or renunciation of an inheritance is not a fraudulent transfer. For the following reasons, the judgment of the district court is affirmed.

BACKGROUND

On January 13, 1992, Eddie E. Simpson died, leaving a testamentary disposition to his son, Homer Simpson ("Simpson"). The disposition consisted of a one-half interest in a farming partnership and a one-third interest in the residuary estate. On February 26, 1992, Simpson executed a disclaimer of his inheritance. Under Texas inheritance laws, the effect of the

1

disclaimer was to pass the property on to Simpson's son. One day later, on February 26, 1992, Simpson and his wife filed a voluntary petition for bankruptcy under Chapter 7 of the bankruptcy code.

On June 25, 1993, Deborah Penner, Simpson's bankruptcy trustee, filed a petition in bankruptcy court to set aside the disclaimer as a fraudulent transfer. The bankruptcy court granted the petition and ordered the property turned over to the estate. Simpson appealed to the district court. The district court reversed the bankruptcy court judgment, holding that a disclaimer of inheritance is not a fraudulent transfer. Penner appeals the judgment of the district court.

### LEGAL PRECEPTS

Under 11 U.S.C. § 548(a), a bankruptcy "trustee may avoid any transfer of an interest of the debtor in property." Transfer is defined by the bankruptcy code as "every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or with an interest in property including retention of title as a security interest and foreclosure of the debtor's equity and redemption." 11 U.S.C. § 101(54). Interest in property is not defined by the bankruptcy code. In the absence of any controlling federal law, interests in property are a creature of state law. *Barnhill v. Johnson,* --- U.S. ----, ----, 112 S.Ct. 1386, 1389, 118 L.Ed.2d 39 (1992).

Under Texas law, "[w]hen a person dies, leaving a lawful will, all of his estate devised or bequeathed by such will, and all powers of appointment granted in such will, shall vest immediately

2

in the devisees or legatees of such estate and the donees of such powers...." Texas Probate Code § 37. Under the relation back doctrine,

> Any person ... who may be entitled to receive any property as a beneficiary and who intends to effect disclaimer irrevocably ... of the whole or any part of such property shall evidence same as herein provided. A disclaimer evidenced as provided herein shall be effective as of the death of the decedent and shall relate back for all purposes to the death of the decedent....

Texas Probate Code § 37A; *Dyer v. Eckols,* 808 S.W.2d 531, 532 (Tex.Ct.App.1991). The effect of the relation back doctrine is that a beneficiary never gains possession of disclaimed property. *Dyer,* 808 S.W.2d at 532.

## DISCUSSION

Initially, we note that this Court has jurisdiction over this appeal. Simpson filed a notice of appeal without the permission of the bankruptcy court. The question that presents itself is whether this order was interlocutory and thus could not be appealed. Under 28 U.S.C. § 158(a), a party may appeal as of right any final order of a bankruptcy court. We have held that a judgment compelling a defendant to turn over property is appealable as of right pursuant to 28 U.S.C. § 158(a). *In re Moody,* 817 F.2d 365, 366 (5th Cir.1987). Therefore, Simpson had a right to appeal this final order of the bankruptcy court and we have jurisdiction over this case. We now turn to the issue on appeal.

Penner contends that the district court erred in holding that the disclaimer was not a fraudulent transfer. The district court relied primarily on *In re Atchison,* 925 F.2d 209 (7th Cir.), *cert.*

3

*denied sub nom., Jones v. Atchison,* --- U.S. ----, 112 S.Ct. 178, 116 L.Ed.2d 140 (1991) in making its decision.  In *Atchison,* the debtor had executed a disclaimer of her legacy before filing for bankruptcy.  Under the laws of Illinois, the property of the estate vests in the beneficiaries immediately upon the decedent's death. *Tompkins State Bank v. Niles,* 127 Ill.2d 209, 130 Ill.Dec. 207, 211, 537 N.E.2d 274, 278 (1989).  As in Texas, however, upon the execution of a valid renunciation, the property passes as if the beneficiary had predeceased the testator and the renunciation relates back to the decedent's death for all purposes. Ill.Rev.Stat. ch. 1101/2, para. 2-7(d) (1985).  The effect of a disclaimer under Illinois law was to prevent a beneficiary from ever acquiring an interest in the property of the decedent. *Tompkins,* 537 N.E.2d at 279.

The bankruptcy trustee tried to void the disclaimer as a fraudulent transfer.  The Seventh Circuit Court of Appeals held that the execution of the disclaimer was not a fraudulent transfer under 11 U.S.C. 548(a).  *Atchison,* 925 F.2d at 211.  The court held that after the execution of the disclaimer, the debtor did not have a property interest to transfer.  *Id.*  It also stated that "[t]o argue ... that at the moment of the disclaimer there had to be some property interest which the beneficiary disclaimed ignores the express language of the Illinois disclaimer statute which says for all purposes there was not."  *Id.*

The law in Texas is similar to the law in Illinois in respects to the relation back doctrine and the property interests of the

4

beneficiaries.  Both sets of laws vest the property of the deceased in the heirs at the moment of the decedent's death.  Both sets of laws hold that a valid renunciation relates back to the death of the decedent and the property of the decedent passes as if the beneficiary died before the decedent.  Both sets of law hold that under the relation back doctrine, a beneficiary never possessed renounced property.  The only other circuit to consider this issue, the Tenth Circuit, held that a disclaimer issued under Colorado law was also not a fraudulent transfer for much the same reason as *Atchison.  See Hoecker v. United Bank of Boulder,* 476 F.2d 838, 841 (10th Cir.1973).  We thus find the reasoning in *Atchison* persuasive and hold that under Texas law a disclaimer is not a fraudulent transfer under 11 U.S.C. § 548.

Penner urges us to accept the reasoning in *In re Brajkovic,* 151 B.R. 402 (Bank.W.D.Tex.1993).  In this case, the debtor had filed a disclaimer for property he had inherited before filing for bankruptcy.  The bankruptcy trustee sought to avoid the disclaimer as a fraudulent transfer.  The court held the disclaimer was a fraudulent transfer because it transferred a property interest that had vested with the debtor upon the death of the decedent.  It reasoned that the relation back doctrine is a legal fiction that shifts the transfer of property from the decedent to the original beneficiary so that the transfer runs from the decedent to the original beneficiary to a different beneficiary as of the date of death.  *Id.* at 410.  Thus, the court concluded that a disclaimer transfers a property interest.  *Id.*

5

The court in *Brajkovic* rejected the reasoning in *In re Atchison.* It stated that the *Atchison* court had been presuming that:

> [I]mmediately *after* the execution of the disclaimer, the property interest which existed *prior* to the disclaimer disappears, by virtue of the relation back doctrine. Therefore, the argument concludes, nothing existed *before* the transaction, so nothing was transferred. Of course, the transfer has to be executed in order for nothing to be transferred, and that is the faulty premise in *Atchison* 's logic.

*Id.* at 409 n. 15 (emphasis in the original).

We decline to follow the reasoning in *Brajkovic.* The *Brajkovic* court, unlike the *Atchison* court, does not give state law its full effect. Under Texas law, the beneficiary never possesses the disclaimed property. *Dyer v. Eckols,* 808 S.W.2d 531, 534 (Tex.Ct.App.1991). Thus, the *Brajkovic* court erred in concluding that under Texas law, the property of the decedent shifts to the first beneficiary and then to the next beneficiaries.

CONCLUSION

Because a disclaimer under Texas law does not constitute a fraudulent transfer, the judgment of the district court is AFFIRMED.

6