**In re Gretchen Ann FAULK, Debtor.**

**Robert D. Garrett, Trustee, Plaintiff,**

**v.**

**Bank of Oklahoma, Trustee of the Faulk Joint Revocable Trust; Patricia L. Williams, Trustee of the Faulk Joint Revocable Trust; Gretchen Faulk Litzer, an individual and Trustee of the Thomas Alexander Dodson Irrevocable Trust, Defendants.**

**Bankruptcy No. 00–17327–WV.
Adversary No. 01–1375–WV.**

United States Bankruptcy Court,
W.D. Oklahoma.

July 26, 2002.

---

Monty L. Bratcher, Kelley L. Bratcher, Bratcher & Bratcher, P.L.L.C., Oklahoma City, Oklahoma, for debtor.

L. Win Holbrook, Holbrook & Toffoli, Oklahoma City, Oklahoma, for trustee.

Steve Kobos, Bank of Oklahoma, N.A. Trust Department, Tulsa, Oklahoma, for Bank of Oklahoma, N.A. and Patricia L. Williams, Trustees of the Faulk Joint Revocable Trust.

## MEMORANDUM OPINION

THOMAS M. WEAVER, Chief Judge.

The Chapter 7 Trustee brought this adversary proceeding to recover the interest in a certain trust which had passed to the debtor's minor child as the result of a prepetition disclaimer executed and filed by the debtor, a beneficiary of the trust. Defendants include the debtor and trustees of the subject trust. The trustee contends that the disclaimer constituted a fraudulent transfer under Section 548(a) of the Bankruptcy Code,[1] and that the disclaimed interest is recoverable under Section 550 of the Code. Both the plaintiff and the defendants have sought summary judgment. After a careful review of the facts and applicable law, the court finds that summary judgment should be granted in favor of the defendants and against the plaintiff.

This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(E) and (H).

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to a judgment as a matter of law", FED.R.CIV.P. 56(c) which is made applicable to these proceedings by FED. R.BANKR.P. 7056. On a summary judg-

---

1. All references to the Bankruptcy Code or to the Code herein are to the United States Bankruptcy Code, 11 U.S.C. §§ 101–1530.

ment motion, the court is required to pierce the pleadings and evaluate the actual proof to determine whether summary judgment is appropriate. *Id.* at Advisory Committee Notes. The party moving for summary judgment bears the initial burden to show the absence of a genuine factual dispute. Once the movant first shows the absence of any genuine issue of material fact, see *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), the burden shifts to the nonmovant to show that there is a *"genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (emphasis in original). Where, as here, the parties file cross-motions for summary judgment, the court is entitled to assume that no evidence needs to be considered other than that filed by the parties, but summary judgment is nevertheless inappropriate if disputes remain as to material facts. See *James Barlow Family Ltd. Partnership v. David M. Munson, Inc.* 132 F.3d 1316 (10th Cir.1997) (citing *Harrison Western Corp. v. Gulf Oil Co.,* 662 F.2d 690 (10th Cir.1981)).

Summary judgment is appropriate here since the material facts are undisputed. They are:

1. The debtor was the beneficiary of a 1/21 interest in certain trusts established by the Faulk Joint Revocable Trust (the "trust").

2. On September 14, 2000, the debtor filed a disclaimer of her interest in the trust in the offices of the Court Clerk and the County Clerk of Oklahoma County, Oklahoma.

3. The disclaimer was executed and filed in accordance with the requirements for an effective disclaimer as prescribed by OKLA.STAT. TIT. 60, §§ 751–759 (the "disclaimer statutes" or the "Act").

4. The debtor received no consideration for the execution of the disclaimer.

5. The debtor was insolvent at the time of the execution and filing of the disclaimer.

6. The debtor's interest in the trust had vested before the debtor executed and filed the disclaimer, but there had been no distribution of the trust interest to the debtor.

7. The debtor filed this bankruptcy proceeding on September 15, 2000, the day after she had filed the disclaimer.

8. The debtor's minor son, Thomas Alexander Dodson, succeeded to the interest in the trust to which the debtor would have been entitled had the debtor not filed the disclaimer.

There being no factual disputes, the issue to be resolved is whether the disclaimer was a "transfer of an interest of the debtor in property" within the meaning of Code Section 548(a)(1). The trustee alleges that the disclaimer was a transfer of what would have been property of the bankruptcy estate, but for the disclaimer, and was a deliberate act done by the debtor "to keep her trust interest from her creditors and bestow it on her son." In opposition, defendants rely on the "relation back" provision of the disclaimer statutes by which disclaimed property is deemed to pass as if the disclaimant had died before her interest vested; thus, the debtor had no property interest which could be transferred. The trustee counters that the "relation back" doctrine is a mere legal fiction created by state law, which cannot override the Bankruptcy Code.

Under the disclaimer statutes, a beneficiary may disclaim any interest, in whole or in part, to which he or she is entitled under any trust, instrument of conveyance

or other nontestamentary instrument by executing and filing a disclaimer meeting certain requirements. Act §§ 751–752. To be effective, such a disclaimer must be filed within nine months after the beneficiary's interest vested, or in the statutory terminology "after the event which ... [caused the beneficiary] ... to become finally ascertained and his interest to become indefeasibly fixed both in quality and in quantity." *Id.* at § 752.

The effect of a properly executed and timely filed disclaimer is to cause the interest which was disclaimed to be distributed as if the disclaimant had died immediately prior to the event which caused the disclaimant's interest to become vested. *Id.* at § 755. Thus, the disclaimer relates back to a time when the disclaimant had no interest. Since the disclaimed interest is treated as if the disclaimant never owned it, the interest passes directly from the trust to the one who would be entitled to it if the disclaimant had died before the interest vested. *Garrett v. Vaughan (In re Vaughan)*, 261 B.R. 700, 705 (Bankr. W.D.Okla.2001).

Significantly, the disclaimer statutes expressly provide that the disclaimer relates back to immediately preceding the event which caused the beneficiary's interest to vest, "for all purposes." Act at § 755. The importance of this provision will be shown in the subsequent discussion of cases construing similar disclaimer statutes.

▪▪▪ In order for there to be a fraudulent transfer under Section 548 of the Bankruptcy Code there must be a "transfer of an interest of the debtor in property." "Transfer" is defined in Code Section 101(54) to include "every mode ... of ... parting with ... an interest in property". However, the Code does not state what constitutes an "interest in property." In the absence of any controlling federal law,

state law must be applied to determine what is a debtor's "interest in property." *Barnhill v. Johnson,* 503 U.S. 393, 398, 112 S.Ct. 1386, 1389, 118 L.Ed.2d 39 (1992); *Simpson v. Penner (In re Simpson),* 36 F.3d 450, 452 (5th Cir.1994); *Jones v. Atchison (In re Atchison),* 925 F.2d 209, 210 (7th Cir.1991).

At the time the debtor filed the disclaimer, her right to the subject 1/21 trust interest had vested, as provided by the terms of the trust. However, as permitted by the disclaimer statutes, she chose to reject the trust interest by executing and filing a disclaimer. Upon the execution and filing of the disclaimer, the subject interest passed as if the debtor had died immediately before the event which caused her trust interest to vest; and the disclaimer related back to such date "for all purposes." Thus, by the express wording of the statute, the effect of the disclaimer was that the debtor was deemed to have died before she acquired any interest in the trust.

Four circuit courts and a fifth circuit's bankruptcy appellate panel have ruled that a prepetition disclaimer did not constitute a transfer under facts analogous to those presented here. The Tenth Circuit Court of Appeals has previously considered whether a disclaimer executed under Colorado statutes similar to the Oklahoma disclaimer statutes constituted a fraudulent transfer of property under the former Bankruptcy Act. In *Hoecker v. United Bank of Boulder,* 476 F.2d 838, 841 (10th Cir.1973), the court ruled that under the Colorado statutes, where a will beneficiary timely filed a disclaimer, the disclaimed property would not pass to or vest in such beneficiary; rather, the property would pass directly from the testator to the children of the disclaiming beneficiary. Thus, the court concluded that the disclaimer did not operate as a transfer by the disclaim-

ing beneficiary; consequently, there was no fraudulent transfer. *Id.* at 841.[2]

The Seventh Circuit Court of Appeals applied the same reasoning in *In re Atchison,* 925 F.2d at 209. There, an Illinois disclaimer was asserted to constitute a transfer voidable under Section 548 of the Bankruptcy Code. In finding there was no transfer, the court explained:

> The trustee argues that the disclaimer constituted a transfer of an interest in property because when [debtor] . . . executed the disclaimer she must have had an interest which could be disclaimed. But she did not. The relation back provision of the Illinois disclaimer statute eliminated any interest [debtor] . . . held at the time of the disclaimer.

*Id.* at 211. Concerning the application of state law, the court stated; "Cases cited by the trustee to the contrary are unpersuasive because they fail to give full application to the relation back doctrine under applicable state laws." *Id.*

Like the Oklahoma disclaimer statutes, the Illinois statute in *Atchison* provided that the disclaimer related back to the time immediately preceding the event which caused the disclaimant's interest to vest "for all purposes." In that regard, the Seventh Circuit ruled:

> To argue, as the trustee does, that at the moment of the disclaimer there had to be some property interest which the beneficiary disclaimed ignores the express language of the Illinois disclaimer statute which says *for all purposes* there was not. . . . She had nothing to transfer.

*Id.* (emphasis added).

Likewise, the Fifth Circuit Court of Appeals concluded that a prepetition dis-

claimer executed under Texas law was not a transfer of property within the meaning of Code Section 548(a). *See In re Simpson,* 36 F.3d at 453 (adopting the reasoning of *Atchison* and citing *Hoecker* with approval).

Yet another circuit court, the Eighth, applied the same principle in *Blackwell v. Lurie (In re Popkin & Stern),* 223 F.3d 764, 768 (8th Cir.2000), holding that a prepetition disclaimer executed under Missouri law was not a transfer of property within the meaning of the Uniform Fraudulent Transfer Act. The court relied on the relation back provision of Missouri law which treated the disclaimant as if he had predeceased the donor so that nothing was transferred by the disclaimer.

The Ninth Circuit Bankruptcy Appellate Panel, in *In re Bright,* 241 B.R. 664 (9th Cir. BAP 1999) thoroughly discussed the effect of a prepetition disclaimer on a § 548(a) avoidance action and concluded that under the Washington disclaimer law, the disclaiming heir was deemed to have never possessed an interest in the disclaimed inheritance. As a consequence, no transfer of property was made and the avoidance action of the trustee was defeated. The Washington disclaimer law is analogous to Oklahoma's and provides that the disclaimer relates back "for all purposes".

While the Oklahoma courts have not ruled on the issue, a number of other state courts have held that disclaimers are not transfers, because of the effect of the relation back doctrine. *See Dyer v. Eckols,* 808 S.W.2d 531, 534 (Tex.App.1991) ("one cannot dispose of something one does not have . . . . Because disclaimed property passes as if the beneficiary predeceased

---

**2.** In a dissenting opinion, Judge Holloway maintained that what constituted a "transfer" was a federal question arising under a federal statute which should have uniform application, not affected by state law.

the testator, the beneficiary never possesses the property"); *Slocum Bank v. Martin,* 666 N.E.2d 411, 415 (Ind.Ct.App.1996) ("disclaimer is not a transfer because the disclaimant is merely rejecting a gift"); *Tompkins State Bank v. Niles,* 127 Ill.2d 209, 130 Ill.Dec. 207, 537 N.E.2d 274, 279 (1989) ("disclaimer relates back 'for all purposes' ... even where ... [it] ... defeat[s] the rights of creditors").

Having discussed the considerable authority supporting the position that a disclaimer is not a transfer, the court turns to the arguments of the trustee. The trustee places his principal reliance on *Drye v. United States,* 528 U.S. 49, 120 S.Ct. 474, 145 L.Ed.2d 466 (1999). There, the Internal Revenue Service ("IRS") had filed a tax lien against the taxpayer. Thereafter, the taxpayer executed and filed a disclaimer of all interest in the estate of his deceased mother, of which he was the sole heir. The issue before the Supreme Court was whether the disclaimed property was subject to the federal tax lien. In ruling for the IRS, the Court construed the tax lien statute, Section 6321 of the Internal Revenue Code, to be sufficiently broad to reach the disclaimed property. In support, the Court cited cases holding that the Internal Revenue Service has rights superior to those of other creditors of a taxpayer.

Even though *Drye* involved the construction of a tax lien statute, the trustee urges this court to apply the *Drye* holding to the instant case. He asserts that the definition of "transfer" under Section 541 of the Bankruptcy Code is no less expansive than under Section 6321 of the Internal Revenue Code.

This court, however, is not persuaded that *Drye* has application here for reasons both factual and legal. An important factual distinction between the two cases is that in *Drye,* the tax lien had been filed

and had already attached to the subject property before the disclaimer was filed. This would be analogous to a postpetition disclaimer, where the subject property had become property of the estate before the filing of the disclaimer, and not a prepetition disclaimer, as is before the court. Generally, postpetition disclaimers have not been upheld in bankruptcy. *In re Betz,* 84 B.R. 470 (Bankr.N.D.Ohio 1987). *See* S. Alan Medlin, *An Examination of Disclaimers under UPS 2–801,* 55 Alb. L.Rev. 1233, 1265–1266 (1992). Prepetition disclaimers, on the other hand, have been held by most courts as being effective and are not generally construed as transfers for fraudulent transfer purposes, as the cases cited herein indicate.

Further, the fact that *Drye* was a tax case cannot be minimized. The court's decision was based on its construction of the specific language of Section 6321 of the Internal Revenue Code. In support of its ruling, it cited only cases involving tax liens. As stated in *In re Nistler,* 259 B.R. 723, 726 (Bankr.D.Or.2001), "there are many instances where the IRS has superior rights over other creditors, for example, state exemption statutes are not enforceable against the IRS."

For these reasons, this court declines to extend the holding of *Drye* regarding tax liens to the clearly distinguishable facts before it in the case at bar.

In addition, the trustee focuses much of his attention on the meaning of "transfer" under Section 101(54) of the Bankruptcy Code, while ignoring, for the most part, the meaning of the critical phrase "interest in property," as used in Section 548(a) of the Code. From the United States Supreme Court and Circuit Court decisions discussed herein, it is abundantly clear that state law must be applied in making a determination of what constitutes an "interest in property." Under the applicable

state law, the Oklahoma disclaimer statutes, it is equally clear that a disclaimer relates back *for all purposes,* including for the purpose of determining whether there was a fraudulent transfer. The application of the relation back doctrine results in the disclaimant having no interest in property that could be transferred.

The trustee makes the policy argument that the disclaimer statutes of Oklahoma and other jurisdictions were enacted to permit the shifting of tax burdens from the beneficiary to another, and not to defeat creditors. Whatever the motivation of the legislature, it did not see fit to restrict the use of a disclaimer to tax shifting purposes. Rather, it made the disclaimer relate back "for all purposes." See *Dyer v. Eckols,* 808 S.W.2d at 534 ("although certainly the legislature intended that a disclaimer could be used as a tax-planning strategy, the statute itself dictates no such restriction.")[3]

Finally, citing § 756 of the disclaimer statutes, the trustee urges that Oklahoma's disclaimer statutes prohibit disclaimers in violation of the Oklahoma Fraudulent Conveyance Act. Section 756 states in pertinent part:

> Nothing included in this act shall be deemed to amend, repeal or abrogate in any manner Title 24 O.S.1971, Sections 101 through 111, inclusive.[4]

Trustee admits he has no case authority to support his position. That the disclaimer statutes did not amend, repeal or abrogate

the then-existing UFCA does not indicate that the subject disclaimer violated the UFCA or its successor, the UFTA.

The trustee has not cited, nor is the court aware of, any cases from the circuit court level or above which have held that a prepetition disclaimer constituted a transfer of an interest in property. Thus, this court is compelled to follow the great weight of authority that a prepetition disclaimer is not such a transfer.

Regardless of the unfortunate effect on creditors, if the state disclaimer law is to be followed, as the U.S. Supreme Court and Circuit Courts have required, it is axiomatic that the debtor's timely filed disclaimer had the effect of preventing the debtor from owning an interest in the disclaimed property. Without an interest in property there was nothing to transfer. And without a transfer there was not a fraudulent transfer under Section 548(a) of the Bankruptcy Code.

For the above reasons, the court grants summary judgment in favor of the defendants and against the plaintiff. The court will enter an appropriate judgment herein this day.

---

**3.** For a discussion of policy considerations regarding disclaimers and fraudulent transfers see *In re Bright,* 241 B.R. at 672 ("In the absence of a relation-back provision a beneficiary would be compelled to accept a testamentary gift whether he wished to take it or not...."). A similar position is taken in *In re Atchison,* 925 F.2d at 211 ("The relation back doctrine favors the right of beneficiaries to reject a gift ... This does not unfairly prejudice creditors.... [A] ... gift could not be

disclaimed if debtor had used this property as a basis for acquiring credit").

**4.** The Uniform Fraudulent Conveyance Act ("UFCA") was enacted by the Oklahoma legislature as OKLA STAT. tit. 24, §§ 101–111. Some 13 years after Section 756 was passed, the Oklahoma legislature repealed the UFCA contemporaneous with the adoption of the Uniform Fraudulent Transfer Act ("UFTA") found at OKLA.STAT. tit. 24, §§ 112–123.