**In re Mark Wood, Debtor.**

**Glen R. Barmann, Trustee, Plaintiff,**

v.

**Mark Wood, Defendant.**

**Bankruptcy No. 02–90473.
Adversary No. 03–9005.**

United States Bankruptcy Court,
C.D. Illinois.

March 26, 2003.

Ronald E. Boyer, Attorney at Law, Watseka, IL, for Debtor.

Glen R. Barmann, Attorney at Law, Kankakee, IL, trustee.

## OPINION

GERALD D. FINES, Chief Judge.

This matter having come before the Court on a Complaint to Set Aside Fraudulent Transfer; the Court, having reviewed written memoranda of the parties and being otherwise fully advised in the premises, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

At hearing, on February 13, 2003, the parties agreed that there were no material facts in dispute in this matter and that the Court could rule on the written legal arguments to be filed by the parties. In keeping with this agreement, the Defendant has filed a written memorandum of law and the Trustee has indicated that he stands on the cases cited in Plaintiff's Pretrial Memorandum filed with the Court on February 5, 2003.

## Findings of Fact

The material facts in this matter are not in dispute and are, in pertinent part, as follows:

1. The Debtor filed for relief under Chapter 7 of the Bankruptcy Code on February 14, 2002.

2. On November 1, 2002, the Debtor filed a disclaimer in State Probate Court of any interest in real estate belonging to his deceased wife, Christina M. Wood.

3. Upon the filing of the disclaimer by the Debtor/Defendant, his interest in any real estate belonging to his deceased wife succeeded to his daughter.

4. On November 20, 2002, the Trustee, as Plaintiff, filed the instant adversary proceeding seeking to have the disclaimer filed by the Debtor/Defendant in the State Probate Court set aside as a fraudulent transfer pursuant to 11 U.S.C. § 549.

## Conclusions of Law

The issue to be resolved in this matter is controlled by the case of *In re Atchison*, 925 F.2d 209 (7th Cir.1991). In *Atchison*, the debtors filed a joint Chapter 7 bankruptcy petition less than 3 months after Mrs. Atchison had disclaimed an inheritance under her father's will, causing the property to pass to the debtors' children. The trustee, in *Atchison*, filed a complaint which alleged that the disclaimer was avoidable pursuant to 11 U.S.C. § 548, as a transfer of an interest of property made within one year of the bankruptcy filing. The Bankruptcy Court in *Atchison* granted the debtors' motion to dismiss, holding that the debtors did not have an interest in the devised property which could be transferred. On appeal, the District Court affirmed. On further appeal to the Seventh Circuit, the Court of Appeals framed the issue as to whether the debtors' disclaimer was a "transfer of an interest of the debtor in property" which the trustee could avoid under 11 U.S.C. § 548(a). The Seventh Circuit Court held that the effect of the disclaimer was to prevent the debtor from ever acquiring an interest in the property.

Citing 755 ILCS 5/2–7(d), the Seventh Circuit found that the disclaimer related back to the date which gave rise to the transfer of property, which was the date of the death of the testator. Thus, the relation back provision found under 755 ILCS 5/2–7(d) effectively erases any interest in the beneficiary who files this disclaimer. *Atchison* holds that a debtor's refusal to accept any interest in property to which he/she was entitled is not a transfer of property to another. In effect, under Illinois law, the property disclaimed passes directly to the testator's children by virtue of the intestate law. In the instant case, given the clear language of Illinois disclaimer law, the Court must find that the Defendant's disclaimer was not a transfer avoidable under 11 U.S.C. § 549. As such, the Complaint to Set Aside Fraudulent Transfer must be denied.